ARTHUR O. DAVIS, Plaintiff-Appellant, v. INTERNATIONAL HARVESTER COMPANY, Defendant-Appellee.

Fifth District   No. 5—85—0304

Opinion filed December 18, 1985.

John Paul Womick & Associates, Chartered, of Carbondale, for appellant.

Robert W. Wilson, of Evans & Dixon, of Edwardsville, and James B. Bleyer, of Marion, for appellee.

JUSTICE KARNS delivered the opinion of the court:

Plaintiff, Arthur O. Davis, appeals from the judgment of the circuit court of Union County granting the defendant's motion to dismiss the plaintiff's complaint on the ground that it was time-barred by the statute of limitations. This case is before us on the pleadings and to properly comprehend the issues it is necessary to set forth the procedural history of the case.

The cause of action underlying the instant case arose out of personal injuries allegedly sustained by the plaintiff, Arthur O. Davis, in an accident on or about April 11, 1979, involving a truck manufactured by the defendant, International Harvester Company. The plaintiff filed a complaint, case No. 81—L—8, in Union County on January 10, 1981, against the defendant International Harvester Company, Jerry Lipps, Jerald Bryant and United Transit, Inc. On August 28, 1981, the plaintiff filed an amended complaint against the same defendants. Defendants Lipps, Bryant and United Transit, Inc., filed

a joint motion to strike or dismiss the plaintiff's amended complaint on September 1, 1981. On September 15, defendant International Harvester Company answered the plaintiff's amended complaint. The circuit court dismissed defendants Lipps, Bryant and United Transit, Inc., from the suit on July 26, 1982. The plaintiff thereafter effected an appeal from this dismissal on August 25, 1982. We dismissed the appeal on September 20, 1982, for lack of jurisdiction, pursuant to Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)), as the circuit court had not made a special finding so as to allow an appeal from the dismissal of the three defendants where a count still remained against the fourth defendant, International Harvester Company. *Davis v. International Harvester Co.* (Docket No. 82—500).

On December 23, 1982, in case No. 81—L—8, defendant International Harvester Company filed a motion to dismiss based upon plaintiff's failure to comply with discovery requests. The motion requested that the plaintiff's action be dismissed with prejudice. On January 18, 1983, the circuit court granted the defendant's motion to dismiss if plaintiff did not answer within 30 days. Plaintiff thereafter filed on January 20, 1983, a motion entitled petition for voluntary nonsuit, which was granted by the court on February 15, 1983, dismissing "without prejudice" the plaintiff's case against International Harvester. Thereafter, on February 14, 1984, and within one year of the order of dismissal, the plaintiff refiled his complaint in one count against International Harvester Company in case No. 84—L—5 in Union County.

On April 3, 1984, defendant International Harvester moved to dismiss the plaintiff's complaint on the ground that it was time-barred by the statute of limitations. The circuit court granted the defendant's motion to dismiss by a signed order filed on February 5, 1985. On March 5, 1985, the plaintiff filed a motion to reconsider. By docket entry, the motion to reconsider was denied by the circuit court on April 4, 1985. It is from this order of the circuit court that plaintiff now appeals.

■ At the outset, we note that plaintiff's instant action against the defendant (case No. 84—L—5) was filed within one year after entry of the circuit court's order granting the plaintiff a voluntary dismissal. The applicable statute of limitations gives plaintiff the absolute right to refile his case within one year of a voluntary dismissal without prejudice. (Ill. Rev. Stat. 1983, ch. 110, par. 13—217; *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787.) The circuit court's order dismissing plaintiff's case without prejudice was entered on February 15, 1983. Plaintiff refiled the instant case against the

defendant on February 14, 1984, and accordingly we find that plaintiff's new action was filed within the time provided by the applicable statute of limitations.

■ Defendant contends, however, that the court's order of January 18, 1983, in case No. 81—L—8 dismissing with prejudice the plaintiff's cause of action against the defendant International Harvester is an adjudication on the merits, thereby precluding the plaintiff from taking a voluntary dismissal pursuant to section 2—1009 of the Civil Practice Law (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009). Section 2—1009 provides that the plaintiff may voluntarily dismiss the case without prejudice at any time before trial or hearing begins. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009.) The terms "trial" and "hearing" as used in section 2—1009 has been defined by the supreme court in *Kahle*. The court in *Kahle* found that in the context of section 2—1009, a "hearing" is the equitable equivalent of a trial. The court further stated: "Both a trial and a hearing involve a determination of the parties' rights. [Citations.] In other words, a hearing is a non-jury proceeding in which evidence is taken on the merits." (*Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 309, 472 N.E.2d 787, 790.) Thus, a hearing or trial does not commence until the parties begin to present their arguments and evidence to the court sitting without a jury in order to achieve an ultimate determination of their rights. (*Bailey v. State Farm Fire & Casualty Co.* (1985), 137 Ill. App. 3d 155.) In reviewing the record in the case at bar, we find that unquestionably no trial or hearing had begun under section 2—1009.

Defendant, however, cites to Supreme Court Rule 273, arguing that the dismissal order of January 18, 1983, was an involuntary dismissal. Supreme Court Rule 273 provides as follows:

"Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." (87 Ill. 2d R. 273.)

Defendant argues that the dismissal order of January 18, 1983, was an involuntary dismissal which the court entered pursuant to the motion filed by the defendant on December 23, 1982. Defendant notes that Rule 273 states that an involuntary dismissal of an action operates as an adjudication upon the merits unless the order of dismissal otherwise specifies. Defendant notes further that the order entered by the court on January 18, 1983, granted the motion to dismiss with prejudice filed by the defendant and it further specified that plaintiff had 30 days to answer defendant's discovery requests. Accordingly,

defendant contends that under rule 273 the order of January 18, 1983, was not an involuntary dismissal to the extent that plaintiff complied with the requirements of the order, but that by failing to comply with the provisions of the order, the order became an adjudication upon the merits. Finally, defendant contends that plaintiff could not have received a voluntary dismissal pursuant to section 2—1009 of the Civil Practice Law since trial or hearing had effectively begun by virtue of the fact that a hearing had already been held (on January 18, 1983) and the motion for involuntary dismissal had already been granted by the court. Since this motion which was granted by the court would terminate the proceedings if the plaintiff did not comply with the requirements of the order, defendant contends that a "trial" existed within the technical meaning of section 2—1009 of the Civil Practice Law and therefore plaintiff's motion for voluntary nonsuit was not timely and the court's action in granting the voluntary nonsuit was rendered moot by its previous order dismissing the cause of action with prejudice.

We disagree with defendant's interpretation of the effect of the court's order of January 18, 1983. Section 2—1009(a) of the Civil Practice Law provides that the plaintiff "may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause." (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009(a).) When notice is given and proper costs paid, the plaintiff's right to a voluntary dismissal without prejudice prior to trial or a hearing is absolute, and the court has no discretion to deny the plaintiff's motion for dismissal. (*Bailey v. State Farm Fire & Casualty Co.* (1985), 137 Ill. App. 3d 155.) In *Bailey*, the trial court granted the defendant's motion to dismiss and granted plaintiff 28 days within which to amend her second amended complaint. When plaintiff failed to file an amended complaint within the 28 days the defendant filed a motion to dismiss with prejudice. Plaintiff thereafter filed a motion for voluntary dismissal without prejudice which was granted by the court. Plaintiff thereafter refiled her complaint in another county. Defendant appealed the order of the circuit court granting plaintiff's motion for voluntary dismissal and denying defendant's motion to dismiss with prejudice. We held that plaintiff's absolute right to a voluntary dismissal was not changed by the fact that she failed to file her amended complaint within the time given by the court. 137 Ill. App. 3d 155.

■ Similarly, in the case at bar we find that plaintiff had an abso-

lute right to a voluntary dismissal despite the fact that he failed to comply with the defendant's discovery requests within 30 days as ordered. The court has no discretion to deny the plaintiff's motion, as long as the requirements of section 2—1009 were met. (*Bailey v. State Farm Fire & Casualty Co.* (1985), 137 Ill. App. 3d 155.) Our review of the record shows that plaintiff did comply with the requisites for a voluntary dismissal pursuant to section 2—1009. Plaintiff petitioned for a voluntary dismissal before trial or hearing began adjudicating the merits of the case. Notice was given to the defendant and costs were paid by the plaintiff. Accordingly, we find that the plaintiff had an absolute right to voluntarily dismiss his case against the defendant and that the circuit court's order granting plaintiff a voluntary dismissal on February 15, 1983, was not rendered moot by its order of January 18, 1983.

Inasmuch as plaintiff refiled his cause of action against the defendant within one year of the voluntary dismissal, we find that plaintiff's complaint was timely filed and accordingly remand this case to the circuit court and order that plaintiff's complaint against the defendant, International Harvester Company, be reinstated.

Reversed and remanded.

KASSERMAN, P.J., and JONES, J., concur.