GARY RUSS *et al.*, Plaintiffs-Appellees, v. MEERA GANDHY *et al.*, Defendants-Appellants.

Fifth District   No. 5—85—0626

Opinion filed November 17, 1986.

David L. Sauer, of Lackey, Warner & Sauer, P.C., of Centralia, for appellant Meera Gandhy.

Jeffrey R. Glass, of Wagner, Bertrand, Bauman & Schmieder, of Belleville, for appellant Jerry Beguelin.

Bernard J. Ysursa, of Sprague, Sprague & Ysursa, of Belleville, for appellees.

JUSTICE WELCH delivered the opinion of the court:

Defendants, Drs. Meera Gandhy and Jerry Beguelin, appeal from the trial court's order granting the plaintiffs, Gary Russ and Barbara Russ', motion for voluntary dismissal before considering the defendants' motion for summary judgment. On appeal, the defendants raise the issue of whether the trial court abused its discretion when it considered and granted the plaintiffs' motion for voluntary dismissal before considering defendants' motion for summary judgment which was filed and set for hearing prior to plaintiffs' motion. We affirm.

On August 4, 1983, plaintiffs filed a complaint against defendants alleging medical malpractice. Plaintiffs alleged that defendants improperly prescribed lithium carbonate for plaintiff Gary Russ. Plaintiffs alleged that because of Gary's prior renal and cardiac difficulties, lithium carbonate was inappropriate and was not properly monitored. From these alleged malpractices, Gary suffered a toxic reaction to the lithium carbonate resulting in kidney failure and the ultimate loss of one of his kidneys.

After plaintiffs filed their complaint, several discovery motions were filed. The defendants filed several interrogatories and motions seeking discovery of plaintiffs' experts. The plaintiffs filed several answers to the documents. However, the answers to the questions regarding experts did not satisfy defendants. Thus, the defendants filed their motion for summary judgment. The court set a hearing on the motions for summary judgment for July 30, 1985. However, prior to the hearing, plaintiffs filed a motion for voluntary dismissal. Prior to the start of the July 30 hearing, the court granted plaintiffs' motion for voluntary dismissal. Defendants filed a motion to reconsider, but at the hearing on the motion, the court affirmed its prior finding. From this order, the defendants appeal.

The defendants argue on the appeal that the trial court does have the discretion to consider defendants' motion for summary judgment prior to ruling on a plaintiff's motion for voluntary dismissal. This court finds otherwise.

■■ ■ Voluntary dismissals are granted pursuant to section 2—1009 of the Civil Practice Law, which provides in part:

"The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause. Thereafter the plaintiff may dismiss, only on terms fixed by the court (1) upon filing a stipulation to that effect signed by the defendant, or (2) on motion

specifying the ground for dismissal, which shall be supported by affidavit or other proof. \*\*\*" (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009.)

Under the statute, a plaintiff has an absolute right, upon proper notice and payment of costs, to dismiss his action before a trial or hearing has begun. (*Williams v. Joliet Mass Transit System* (1983), 114 Ill. App. 3d 1004, 1005, 449 N.E.2d 1042, 1043; *Johnson v. United National Industries, Inc.* (1984), 126 Ill. App. 3d 181, 184, 466 N.E.2d 1177, 1180.) Under section 2—1009, the statute does not recognize the court's discretion but rather the plaintiff's right to voluntary dismissal. (*Davis v. International Harvester Co.* (1985), 139 Ill. App. 3d 264, 268-69, 487 N.E.2d 385, 388.) The statute does, however, grant the trial court discretion in setting the terms of the dismissals once a trial or hearing has commenced. In that way, the statute does recognize the potential for abuse.

■ Illustrative of this court's position is *Davis v. International Harvester Co.* (1985), 139 Ill. App. 3d 264, 487 N.E.2d 385. This court held in *Davis* that the plaintiff's right to voluntary dismissal is absolute, as long as no trial or hearing has commenced. In *Davis* the court held that the plaintiff could voluntarily dismiss without prejudice even though the court had granted defendant's motion to dismiss for failure to answer defendant's discovery request. This court stated that the plaintiff's right to voluntary dismissal had not been lost because no trial or hearing had commenced adjudicating the merits of the case. Thus, this court finds in this case that the trial court properly granted plaintiff's motion for voluntary dismissal.

Nonetheless, the defendants argue that the cases of *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787, and *Dillie v. Bisby* (1985), 106 Ill. 2d 487, 478 N.E.2d 1338, hold that the trial court does have the discretion to consider other previously filed motions prior to plaintiffs' motion for voluntary dismissal. This court finds these cases distinguishable and do not control in this case.

In both cases the issue before the supreme court was whether such an order was appealable. In both cases, the supreme court held that such orders were appealable. The supreme court stated that such orders needed to be reviewed in order to decide whether or not the defendants had suffered any legal prejudice. However, from these findings, the defendants argue that the supreme court recognized that a stricter review must be made on motions for voluntary dismissals and that the trial court does have the discretion in granting or dismissing such petitions. This court does not find such an interpretation.

In *Kahle* and *Dillie,* the supreme court did not state that review is needed to specifically protect the defendant from abuse but rather held that review is needed on the question of whether the trial court correctly determined whether a trial or hearing had begun and thereafter whether the court correctly entered an order dismissing the case without prejudice. In this case, the defendants do not raise any issue of whether a trial or hearing had begun and this court will not discuss it. Furthermore, the *Kahle* court stated that since more changes are needed in the statute regarding voluntary dismissals in order to protect the defendants, it is the responsibility of the General Assembly to make those changes. The concurrence in *Kahle* suggested that the supreme court do the same in its relevant rules. However, *Kahle* neither stated nor suggested that stricter review of these cases is needed. Most significantly, these cases did not decide whether the trial court has any discretion in dismissing a cause without prejudice upon a motion of the plaintiff. In *Kahle* the court states that certain abuses of this procedure should not be allowed but the court is not the place to make the changes. Thus, this court finds that not only did the trial court correctly dismiss this case but also that the trial court has no discretion.

For the foregoing reasons, the order of the circuit court of Marion County is affirmed.

Affirmed.

KARNS and HARRISON, JJ., concur.