Mitchell Bernick, Appellee, v. Chicago Title and Trust Company et al. Defendants. Chicago Title and Trust Company et al. Appellants.

Gen. No. 43,195.

Heard in the first division of

this court for the first district at the October term, 1944. Opinion filed March 26, 1945. Rehearing denied April 11, 1945. Released for publication April 11, 1945.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, of Chicago, for certain appellants.

HAROLD L. REEVE and MATTHIAS CONCANNON, both of Chicago, for certain other appellant.

ROTHBART & ROSENFIELD, of Chicago, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Defendant, Chicago Title and Trust Company is an Illinois corporation with capital stock of $12,000,000, 120,000 shares of the par value of $100 each. Defendants Pettibone, Riley and Carroll, Jr. are directors and officials; Pettibone, president, Riley, vice president and treasurer. Plaintiff Mitchell Bernick is a stockholder of the trust company, who, on July 17, 1933, owned 5 and now owns 15 shares of stock in the corporation.

July 19, 1943, Bernick filed a derivative action based on his rights as a stockholder. No other stockholder has joined in the suit. The complaint is in 20 paragraphs, to which numerous exhibits are attached. It covers 40 printed pages of the abstract and is verified by plaintiff to be true except as to matters stated to be made upon information and .belief. It also names as defendant J. W. McCormack, who has not been served and has not appeared.

The complaint makes grave charges against the defendant officers and directors with reference to Trust No. 16109 and other trusts administered by the defendant corporation. It prays an accounting from the defendant officials with reference to this and other trusts. It prays they may be required to reimburse the corporation for damages sustained by their wrongful conduct; that a receiver may be appointed, and for

general relief. Plaintiff has pressed his suit vigorously. He caused the secretary of the corporation to be subpoenaed before a notary public to give testimony about the affairs of the corporation concerning matters alleged in the bill.

Defendant corporation and its officials appeared and made a number of motions appropriate under sections 45 and 48 of the Civil Practice Act (Smith-Hurd Anno. Stat., ch. 110, par. 169, 172, pp. 322, 391 [Jones Ill. Stats. Ann. 104.045, 104.048]). One of these motions was that the suit should be dismissed for the reason that it was barred by a prior judgment on the same causes of action. Some of the motions were in the nature of demurrers. That under sec. 48 was supported by affidavits. Hearings were held on these motions from September 29 to October 13, 1943. On this last date the court entered an order sustaining the several motions to strike under sec. 45 and granting leave to plaintiff to file an amended complaint. Thus far this amended complaint has not been filed. The time for doing so has been extended. On the motion of defendants under sec. 48 to have the suit barred by a former judgment, the court reserved its decision.

December 31, 1943, plaintiff filed his petition for leave to dismiss his suit upon payment of costs and without prejudice. His petition avers in support of its prayer that defendants' motions under sec. 45 had been sustained because of certain formal defects in the pleadings and because sufficient demands had not been made by the plaintiff prior to the institution of suit to enable plaintiff, as a stockholder of the trust company, to institute suit upon the causes of action alleged in the complaint filed; that subsequent to October 13, 1943, plaintiff had made such demands in writing, which had been refused; that plaintiff has been advised it is necessary to plead these demands in a new suit. He therefore desires to have the suit dismissed without prejudice to his right to institute "new proceedings upon the causes of action alleged

herein, and relying upon said demand and refusal as aforesaid.'' The petition of plaintiff is verified by his attorney.

The defendant trust company and trust officers and directors answered that the motions sustained by the trial court were made under sec. 45 of the Civil Practice Act to strike the complaint and dismiss the action for want of equity, for lack of stating a cause of action and for fundamental insufficiencies specified; that the motion under sec. 48 (e) was in the nature of a plea in bar, showing that the action was barred by a prior judgment dismissing a similar cause of action brought by another stockholder of the Chicago Title and Trust Company on the same cause of action and seeking the same relief. The answers admitted the written demand to have been made by plaintiff subsequent to October 13, 1943, as alleged in the petition, on October 19, 1943. They say it was presented to the board of directors; that the board considered it and passed a resolution referring it to the committee on officers and directors with instructions to consider and report recommendations; that this committee was composed of directors Laird Bell, Percy B. Eckhart, Amos C. Miller and Hugo Sonnenschein, all experienced members of the bar; that this committee considered the demand and submitted a written report to a meeting of the board held December 8, 1943; that the committee reported that none of the defendant officers had personally profited or obtained any personal interest in any of the transactions in question; that these transactions were entered into by defendant officers in good faith and in the interests of the corporation and its stockholders; that in the opinion of the committee there was no liability on the part of defendant officers and directors on account of their actions, and the committee was further of the opinion it was not to the interest of the corporation to institute any proceedings against them. The answers say the report of this committee was adopted and ap-

proved by the board of directors at a meeting in which Pettibone and Riley did not participate, and the board passed a resolution denying the demand and giving its reason therefor. The vote was unanimous except for Pettibone and Riley, who were absent.

The answers also call attention to the fact that after October 1940, the stockholdings of the defendant officers and directors did not exceed 898 shares, and that during the same time the stockholdings of members of the whole board of directors were a minimum of 17,070 and a maximum of 20,629 shares; that none of the directors or defendants had otherwise any pecuniary interest in the subject matter of plaintiff's demand. The facts set up in these answers were verified, and plaintiff did not reply thereto.

■ ■ A hearing was had on the petition and answers but no evidence was offered or introduced by either party. The only question for determination is whether this order is erroneous. The answer must be found in sec. 52 of the Illinois Practice Act (Smith-Hurd Ill. Ann. Stat., ch. 110, par. 176 [Jones Ill. Stats. Ann. 104.052]). This section discloses a legislative intention to change much the legal rights and privileges of plaintiffs in actions at law or suits in chancery with reference to obtaining a nonsuit. The first sentence seems to leave the right of such a plaintiff in that regard the same as had obtained theretofore "at any time before trial or hearing begins"; that is, he may take such nonsuit upon giving notice and paying costs as a matter of right, but when trial or hearing has begun his right in that regard is no longer absolute. The language of sec. 52 seems clear and unambiguous. Apparently plaintiff understood it right well. Before the trial or hearing had begun it would not have been necessary for him to file a verified petition in order to obtain a nonsuit. It could have been obtained by mere motion and suggestion. He evidently realized that the time when that could be obtained had passed; therefore, the verified petition.

We do not deem it necessary to give any precise or technical definitions as to the difference of meaning between the words "trial" or "hearing." We do not think it necessary to discuss at length what was the effect of the order which sustained the several motions of defendants under sec. 45 and gave plaintiff leave to file an amended complaint. We assume as far as those motions are concerned the right of plaintiff to dismiss his bill was still absolute. However, the motion of defendants to dismiss under sec. 48 and for the reason that the causes of action had been adjudicated presents an entirely different question. The trial judge evidently so regarded it, for he considered the affidavits filed in support of the motion and reserved his decision thereon.

The design of the legislature in the enactment of sec. 48 seems clear. It permits the defense of *res adjudicata* to be raised by motion to dismiss rather than, as formerly by answer. It is a controlling defense and will, if found actually to exist, bar the suit by a speedy determination of it. It is apparent that if the issues between plaintiff and defendants have been adjudicated in a former action at law or suit in equity in favor of defendants, defendants have thereby obtained substantial rights of which they ought not to be deprived. Litigation the second time of the same questions between the same parties would deprive them of such rights. Defendant litigants have just as much right to have litigation ended as plaintiffs have to begin it. Section 4 of the Civil Practice Act says it shall be construed "to the end that controversies may be speedily and finally determined according to the substantial rights of the parties." The order appealed from recites that the defense of former adjudication has been presented and reserved for hearing. In so far as the defense of *res adjudicata* was concerned, the trial or hearing had not only begun but reached a stage where the trial judge had taken the matter under advisement. In fact, the trial had

begun and ended. It remained only for the judge to announce his decision. The parties were represented by able and experienced counsel. The record leaves no doubt that all material matters had been brought to the attention of the trial judge.

█ █ The motion of defendants under sec. 48 was supported by affidavit. The affidavit was not denied and was therefore to be taken as true. *People ex rel. DeCola v. United States Fidelity & Guaranty Co.*, 306 Ill. App. 518, 523. A hearing on the legal sufficiency of a plea which, if sustained, will terminate the litigation, is a trial. *People v. Vitale*, 364 Ill. 589, 592; *State v. District Court*, 32 Mont. 37, 41, 44, 79 Pac. 546, 547, 548; see also *Puffer v. Welch*, 144 Wis. 506, 515, 129 N. W. 525, 528.

█ The order will be reversed and the cause remanded with directions to the trial court to decide the motion of defendants to dismiss the complaint under sec. 48.

*Reversed and remanded with directions.*

NIEMEYER, P. J., and O'CONNOR, J., concur.