HEATHER HEINZ, a Minor, by Bonnie Heinz, her Mother and Next Friend, Plaintiff-Appellant, *v.* THE COUNTY OF McHENRY *et al.*, Defendants-Appellees.

Second District   Nos. 83—200, 83—485 cons.

Opinion filed March 19, 1984.

Louis F. Aiello and Janice Metros Johnston, of Woodstock, for plaintiff-appellant and appellee Heather Heinz.

Jay S. Judge, Thomas G. Leavy, and Kristine A. Karlin, all of Judge & Knight, of Park Ridge, for defendant-appellee and appellant County of McHenry *et al.*

JUSTICE VAN DEUSEN delivered the opinion of the court:

The procedural history of these cases in the trial court may be briefly summarized as follows. On October 19, 1982, Heather Heinz, by her mother, filed a six-count complaint for personal injuries sustained in a two-car collision that occurred February 20, 1982, against the county of McHenry (count I) and James R. Rakow, McHenry County Superintendent of Highways (count II) (hereinafter defendants), and others. On February 1, 1983, the trial court granted defendants' section 2—615 motion (Ill. Rev. Stat. 1981, ch. 110, par. 2—615) to dismiss counts I and II of plaintiff's complaint and further ordered that plaintiff had 14 days in which to file an amended complaint. On February 8, 1983, the trial court heard plaintiff's motion for a voluntary nonsuit, found that proper notice had been given to all parties of record and that all costs had been paid to all defendants, and ordered that plaintiff's cause of action be dismissed pursuant to the terms and provisions of section 2—1009 of the Code of Civil Pro-

cedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1009). On February 17, 1983, plaintiff filed a new but substantially identical suit against defendants and others in McHenry County. On February 22, 1983, defendants moved to partially vacate the dismissal order of February 8, 1983, and asked for an award of attorney fees pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—611). On March 2, 1983, the trial court vacated the voluntary dismissal order of February 8, 1983, as to defendants, amended *nunc pro tunc* its order of February 1, 1983, by making the dismissal of counts I and II of the complaint to be with prejudice, and continued defendants' motion for attorney fees. On April 21, 1983, after an evidentiary hearing the trial court denied the motion for attorney fees.

In appeal No. 83—200 plaintiff has sought review of the trial court's order of March 2, 1983, vacating the voluntary dismissal order of February 8, 1983, and modifying *nunc pro tunc* its order of February 1, 1983. In appeal No. 83—485 defendants have sought review of the trial court's order of April 21, 1983, denying their motion for attorney fees.

## APPEAL No. 83—200
■ We reverse. Upon giving of notice and payment of proper costs, as here, a plaintiff's right to a voluntary dismissal without prejudice prior to trial or a hearing is absolute, and the court has no discretion to deny plaintiff's motion for dismissal in such cases. (*E.g., Gilbert-Hodgman, Inc. v. Chicago Thoroughbred Enterprises, Inc.* (1974), 17 Ill. App. 3d 460, 461.) This right is restricted after the trial has begun or where a counterclaim has been filed so that cases cited by defendants concerning motions made in these situations (*Clyde Savings & Loan Association v. May Department Stores* (1981), 100 Ill. App. 3d 189; *In re Marriage of Weiss* (1980), 87 Ill. App. 3d 643; *Juen v. Juen* (1973), 12 Ill. App. 3d 284) are clearly inapposite. Illinois courts have held that hearings pursuant to a section 2—615 motion (formerly section 45), as held here, did not mark the commencement of trial or hearing under section 2—1009 (*North Park Bus Service, Inc. v. Pastor* (1976), 39 Ill. App. 3d 406, 409), nor does the granting of such a motion with leave to amend, as here, affect plaintiff's absolute right to voluntarily dismiss her complaint (*Bernick v. Chicago Title & Trust Co.* (1945), 325 Ill. App. 495, 501). Moreover, the filing of another action shortly after the voluntary dismissal order does not affect plaintiff's absolute right to such a dismissal without prejudice where, as here, the trial had not begun, and notice was given and costs were tendered. See *In re Marriage of Brown* (1980), 86 Ill. App.

3d 964, 971-72. Compare *Juen v. Juen* (1973), 12 Ill. App. 3d 284 (plaintiff's voluntary dismissal motion properly denied where counterclaim was pending and plaintiff failed to comply with notice and costs requirements). But see *Smith v. Monumental Life Insurance Co.* (1939), 301 Ill. App. 217, 218-19.

However, as a trial court may upon its own motion set aside any judgment or order during the pendency of the term or its equivalent (*Miller v. Bloomberg* (1978), 60 Ill. App. 3d 362, 364-65), an order setting aside a former order of dismissal will not be disturbed unless the vacation constitutes an abuse of discretion (*Smith v. Monumental Life Insurance Co.* (1939), 301 Ill. App. 217, 218). See *Miller v. Bloomberg* (1978), 60 Ill. App. 3d 362, 364-65.

Defendants' motion for vacation of the February 8 voluntary dismissal had two stated bases: (1) plaintiff's failure to comply with the court's "Order *** to file an Amended Complaint" and (2) plaintiff's attempt to avoid compliance with the change of venue statute by dismissing her lawsuit with the intention of refiling it so as to be heard before a different judge. As to the first stated basis, it should be observed that the plaintiff was granted leave to file an amended pleading, not ordered to do so. Moreover, as we have previously noted, the granting of defendants' section 2—615 motion with leave to amend does not affect plaintiff's absolute right to a voluntary dismissal under section 2—1009. *Bernick v. Chicago Title & Trust Co.* (1945), 325 Ill. App. 495, 501.

As to the second stated basis of defendants' motion, plaintiff may very well have avoided the effect of the change of venue statute (Ill. Rev. Stat. 1981, ch. 110, par. 2—1001), which would bar her absolute right to a change after the judge had, as here, ruled on a substantial issue. However, she would have been able to do so, not owing to any misconduct on her part, but, as the trial judge observed, due to the system then used by the county in assigning cases. The cases cited by defendants in support of their argument all relate to recognized change of venue principles and are inapposite in that no motion for change of venue was filed in this cause.

■ The two stated bases for vacation of the dismissal here do not support the action. While this court may affirm on any basis appearing in the record regardless of whether the trial judge's stated rationale was correct (*Hintz v. Lazarus* (1978), 58 Ill. App. 3d 64, 67), there appears to be no other basis in the record upon which to do so. Under the total circumstances shown by the record in this case, plaintiff was entitled to a voluntary dismissal as a matter of absolute right, and that portion of the trial court's order of March 2, 1983, vacating the

February 8, 1983, order of voluntary dismissal was in error and must be vacated.

■■ As defendants now concede, the trial court also erred on March 2, 1983, in amending *nunc pro tunc* the order of February 1, 1983, to be a dismissal with prejudice of counts I and II of the complaint. A *nunc pro tunc* order can be made at any time, even after the expiration of the term, to correct a final order or judgment to reflect what had been done, but not to alter the judgment actually rendered; it may not be used to supply omitted judicial action, to correct judicial errors, or to cure a jurisdictional defect (*e.g., Freeman v. White Way Sign & Maintenance Co.* (1980), 82 Ill. App. 3d 884, 892). Here, the trial judge himself observed that on February 1 he had given plaintiff the opportunity to amend her complaint. This type of change is not one to make the record speak for something previously done (see *Kooyenga v. Hertz Equipment Rentals, Inc.* (1979), 79 Ill. App. 3d 1051), and, therefore, that portion of the March 2, 1983, order granting a dismissal with prejudice *nunc pro tunc* February 1, 1983, is hereby vacated.

■■ Defendants go on to argue that the dismissal of plaintiff's complaint with prejudice on March 2, 1983, was still proper because it was within 30 days of the February 1 order. (See, *e.g., Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 505.) The court had, according to defendants, simply amended its prior order. Defendants overlook entirely the fact that, although 30 days had not elapsed between entry of the February 1 order and March 2, 1983, when the court sought to modify that order, the plaintiffs had, in the intervening time, properly sought and received a voluntary dismissal of their lawsuit. Therefore, on March 2, 1983, there was no complaint on file upon which the court could grant defendants' motion to dismiss.

Having made the foregoing determinations, we need not address plaintiff's final contention, that the trial court's dismissal of her complaint with prejudice was erroneous because her complaint was sufficient to state a cause of action and because said dismissal precluded an opportunity to amend her complaint, and defendants' response, that said dismissal was proper inasmuch as the complaint failed to set forth facts to support its conclusory allegations and that it is apparent that plaintiff would be unable to plead a viable cause of action even with leave to amend.

APPEAL No. 83—485

■■ In Appeal No. 83—485, the defendants assert that the trial court abused its discretion in denying a request for attorney fees pur-

suant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—611) for false and untrue pleadings made without reasonable cause. Following an evidentiary hearing, the court found that plaintiff did not misstate facts and that this was not a proper case for assessing fees under section 2—611. The allowance of fees pursuant to this section is discretionary with the trial court, and its determination should not be disturbed unless there is a clear abuse of discretion. (*Tower Oil & Technology Co. v. Buckley* (1981), 99 Ill. App. 3d 637, 650.) From our examination of the record it does not appear that the trial court here abused its discretion, and the order denying defendants' request for attorney fees is hereby affirmed.

Appeal No. 83—200—reversed; Appeal No. 83—485—affirmed.

HOPF and NASH, JJ., concur.