GRACE S. BAILEY, Indiv. and as Ex'x of the Estate of Weldon J. Bailey, Deceased, Plaintiff-Appellee and Cross-Appellant, v. STATE FARM FIRE & CASUALTY COMPANY, Defendant-Appellant and Cross-Appellee.

Fifth District   No. 5—84—0524

Opinion filed October 10, 1985.

Stephen W. Thomson, of Reed, Armstrong, Gorman & Coffey, of Edwardsville, for appellant.

Evan A. Strawn, of Bloomington, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Defendant, State Farm Fire & Casualty Company, appeals from an order of the circuit court of Madison County granting plaintiff's motion for voluntary dismissal of a declaratory judgment action and denying defendant's motion to dismiss the cause with prejudice. Defendant alleges plaintiff was not entitled to a voluntary dismissal as a matter of right, and that the court should have dismissed plaintiff's complaint for failure to amend her pleadings after a dismissal with leave to amend. Plaintiff has filed a cross-appeal for the purpose of preserving the right to appellate review of the sufficiency of her pleadings and the merits of her cause. We affirm.

Plaintiff, Grace S. Bailey, individually and as executrix of the estate of Weldon J. Bailey, filed a complaint for declaratory judgment on December 5, 1980. She alleged the umbrella policy issued by defendant was a motor vehicle policy under section 143a of the Illinois Insurance Code (Ill. Rev. Stat. 1981, ch. 73, par. 755a), and that defendant had failed to offer the amount of uninsured motorist coverage required by that section. On May 22, 1981, defendant filed a motion to dismiss the complaint alleging it was substantially insufficient in law. Defendant alleged the statute did not apply to the policy in question. Plaintiff filed a motion for leave to amend her pleading. The motion was granted and an amended complaint was filed on February 5, 1982.

On April 2, 1982, defendant moved to dismiss plaintiff's complaint as amended. On April 12, 1982, defendant moved for leave to amend the motion from one to dismiss to a motion for summary judgment. On May 3, 1982, the court granted plaintiff leave to again amend her complaint. On August 10, 1982, the court, treating defendant's motion as one to dismiss and not as one for summary judgment, granted the motion to dismiss, but gave plaintiff leave to amend. On September 2, 1982, plaintiff filed yet another amended complaint. On September 17, 1982, defendant filed another motion to dismiss the latest amended complaint, again claiming substantial insufficiency in law.

The court entered the following order on January 10, 1983:

"Defendant State Farm Fire & Casualty Co.'s Motion to Dismiss Amended Count II of Plaintiff's Complaint as Recast and Count V of Plaintiff's Complaint considered and allowed. The court finds no breach of duty for failure to offer increased limits as complained of, it being the opinion of the court that the excess policy issued by Defendant is not a policy contemplated by Ill. Revised Statutes Ch. 73, Par. 755(a). Clerk to send copy of order to attorneys Strawn and Thompson. Plaintiff granted 30 days to amend if desired."

The court later granted plaintiff an extension of time until February 28 to amend the complaint. Plaintiff filed an amended complaint on March 1, 1983. On March 25, 1983, defendant filed a new motion to dismiss, again claiming substantial insufficiency in law. On May 2, 1983, the court entered the following order:

"Defendant's motion to dismiss Second Amended Count II as recast and Amended Count V as recast called for argument, both parties present by their attorneys, arguments made and the Court having taken this matter under advisement; and the Court being fully advised in the premises;

It is hereby ordered that said motion be and it is hereby allowed. Plaintiff granted twenty-eight (28) days to amend."

On June 13, 1984, defendant filed a motion to dismiss with prejudice, alleging plaintiff had failed to file an amended complaint within 28 days of the order of May 2, 1983. On June 19, 1984, plaintiff filed a motion to voluntarily dismiss her complaint against defendant. Plaintiff's motion to dismiss without prejudice was granted on July 13, 1984, and defendant's motion to dismiss with prejudice was denied. Plaintiff has since filed a complaint in Peoria County.

■ Defendant first contends the court could not grant plaintiff's motion for voluntary dismissal because a hearing had already taken place. Section 2—1009(a) of the Civil Practice Law provides for voluntary dismissals by plaintiffs. It provides: "The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause." (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009(a).) When notice is given and proper costs paid, "a plaintiff's right to a voluntary dismissal without prejudice prior to trial or a hearing is absolute, and the court has no discretion to deny plaintiff's motion for dismissal in such cases." *Heinz v. County of McHenry* (1984), 122 Ill. App. 3d 895, 897, 461 N.E.2d 672, 673.

Defendant contends a hearing had been conducted, meaning plain-

tiff could no longer voluntarily dismiss. Defendant relies on the language in the court's January 10, 1983, order which appeared to give a reason for the dismissal of plaintiff's complaint upon one of defendant's motions to dismiss. Despite this language, the court granted plaintiff leave to amend the complaint.

We note first defendant did not ask for judgment on the pleadings. Plaintiff was free to rely on a different theory in subsequent pleadings. Defendant's motions to dismiss attacked plaintiff's complaint as being "substantially insufficient in law." This language follows section 2—615(a) of the Civil Practice Law, which addresses motions with respect to pleadings:

> "All objections to pleadings shall be raised by motion. The motion shall point out specifically the defects complained of, and shall ask for appropriate relief, such as: that a pleading or portion thereof be stricken because substantially insufficient in law, or that the action be dismissed, or that a pleading be made more definite and certain in a specified particular, or that designated immaterial matter be stricken out, or that necessary parties be added, or that designated misjoined parties be dismissed, and so forth." Ill. Rev. Stat. 1983, ch. 110, par. 2—615(a).

"Illinois courts have held that hearings pursuant to a section 2—615 motion (formerly section 45) *** did not mark the commencement of trial or hearing under section 2—1009 [citation], nor does the granting of such a motion with leave to amend *** affect plaintiff's absolute right to voluntarily dismiss her complaint [citation]." Heinz v. County of McHenry (1984), 122 Ill. App. 3d 895, 897, 461 N.E.2d 672, 674.

■ Our supreme court has recently defined the terms "trial" and "hearing" as used in section 2—1009. In Kahle v. John Deere Co. (1984), 104 Ill. 2d 302, 309, 472 N.E.2d 787, 790, the court found that in the context of section 2—1009, a "hearing" is the equitable equivalent of a trial. Then the court stated: "Both a trial and a hearing involve a determination of the parties' rights. [Citations.] In other words, a hearing is a nonjury proceeding in which evidence is taken on the merits." (104 Ill. 2d 302, 309, 472 N.E.2d 787, 790.) A hearing or trial, then, "does not begin until the parties begin to present their arguments and evidence to the court sitting without a jury in order to achieve an ultimate determination of their rights." In re Marriage of Fine (1983), 116 Ill. App. 3d 875, 879, 452 N.E.2d 691, 693.

■ Thus, following the specific rule in Heinz and applying the rule in Kahle, we find no trial or hearing had begun under section 2—

1009. Therefore, the granting of defendant's motion to dismiss, with plaintiff being granted leave to amend, did not prevent plaintiff from exercising her absolute right to a voluntary dismissal.

■■ Defendant next contends the court abused its discretion by failing to dismiss plaintiff's complaint with prejudice when plaintiff did not amend the complaint within the time given her by the court to do so. In the court's May 2, 1983, order, the court had given plaintiff 28 days to amend. Plaintiff never amended but rather filed a motion for voluntary dismissal on June 19, 1984.

We have already found plaintiff had an absolute right to a voluntary dismissal. This is not changed by the fact plaintiff had failed to amend her complaint within the time given by the court. The court has no discretion to deny the motion, even in such a case, as long as the requirements of section 2—1009 are met. *Williams v. Joliet Mass Transit System* (1983), 114 Ill. App. 3d 1004, 1006, 449 N.E.2d 1042, 1043.

Due to our determination of the issues raised in defendant's appeal, we need not address the cross-appeal filed by plaintiff.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

JONES, P.J., and KASSERMAN, J., concur.