MELVIN KERN *et al.*, Plaintiffs-Appellees, v. PEABODY COAL COM-
PANY, Defendant-Appellant.

Fifth District   No. 5—85—0427

Opinion filed January 7, 1987.

W. Thomas Coghill, Jr., and Tracy P. Christianson, both of Thompson &
Mitchell, of Belleville, for appellant.

Amiel Cueto, of Cueto, Daley, Williams & Moore, Ltd., of Belleville, for
appellees.

JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, Peabody Coal Company, appeals from the order of the
circuit court of St. Clair County entered on May 24, 1985, granting
plaintiffs' motion for voluntary dismissal and from a subsequent order
on June 19, 1985, denying defendant's motion to set aside the May
24, 1985, order allowing plaintiffs' motion for voluntary dismissal.
Defendant contends that the trial court erred in granting plaintiffs'
motion for voluntary dismissal of a nonjury case in order to permit
plaintiffs to refile and demand a jury. Additionally, defendant contends
that allowing plaintiffs to voluntarily dismiss and refile their case, in

order to secure a jury trial to which they would not otherwise be entitled, deprived defendant of due process and equal protection of the law as guaranteed by the constitutions of the United States and the State of Illinois. We affirm.

Plaintiffs, Melvin Kern and Lena Kern, filed their complaint against defendant, Peabody Coal Company, on February 8, 1985. Plaintiffs' complaint sought recovery on the basis of trespass, conversion, and statutory theft, stating essentially that between 1977 and 1979 the defendant had conducted unauthorized mining operations upon the plaintiffs' land. The complaint sought compensatory and punitive damages. Plaintiffs made no jury demand at the time they filed their complaint.

On March 27, 1985, the defendant coal company answered the complaint and admitted that it had conducted unauthorized mining operations upon the plaintiffs' land. In a subsequent request to admit facts, the defendant admitted that it removed approximately 2,300 washed tons of coal from the plaintiffs' property without their consent.

On May 24, 1985, plaintiffs moved for and were granted a voluntary dismissal of their suit without prejudice pursuant to section 2—1009 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009). On that same date plaintiffs filed their second lawsuit alleging the same facts as they did in the first suit; however, this complaint contained a request for jury trial.

On June 3, 1985, defendant moved the court to set aside its May 24, 1985, order of voluntary dismissal; and on June 19, 1985, the court denied this motion.

■ Defendant first contends that the trial court erred in granting plaintiffs' motion for voluntary dismissal because the effect of the court's order was to allow the plaintiffs to circumvent the requirements for filing a jury demand pursuant to section 2—1105 of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 2—1105.) In substance, defendant urges that plaintiffs were not entitled to a voluntary dismissal as a matter of right in the instant case inasmuch as the granting of plaintiffs' motion allowed them to file a demand for jury trial, which they had waived when they commenced their original action.

We agree with defendant that plaintiffs waived their right to a trial by jury by failing to file a jury demand with the clerk at the time they commenced their original action. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1105.) Nevertheless, we find that plaintiffs had an absolute right to a voluntary dismissal. Section 2—1009(a) of the Code of Civil Procedure provides that "[t]he plaintiff may, at any time before trial

or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause." (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009(a).) When notice is given and proper costs paid, the plaintiff's right to a voluntary dismissal without prejudice prior to trial or a hearing is absolute, and the court has no discretion to deny the plaintiff's motion for dismissal. *Davis v. International Harvester Co.* (1985), 139 Ill. App. 3d 264, 268, 487 N.E.2d 385, 388; *Bailey v. State Farm Fire & Casualty Co.* (1985), 137 Ill. App. 3d 155, 157, 484 N.E.2d 522, 524.

In *Bailey*, the trial court granted the defendant's motion to dismiss and granted plaintiff 28 days within which to amend her second amended complaint. When plaintiff failed to file an amended complaint within the 28 days, the defendant filed a motion to dismiss with prejudice. Plaintiff thereafter filed a motion for voluntary dismissal without prejudice which was granted by the court. Plaintiff thereafter refiled her complaint in another county. Defendant appealed the order of the circuit court granting plaintiff's motion for voluntary dismissal and denying defendant's motion to dismiss with prejudice. We held that plaintiff's absolute right to a voluntary dismissal was not changed by the fact that she failed to file her amended complaint within the time given by the court. (*Bailey v. State Farm Fire & Casualty Co.* (1985), 137 Ill. App. 3d 155, 159, 484 N.E.2d 522, 525.) In *Davis*, we held that plaintiff's absolute right to a voluntary dismissal without prejudice was not changed by the fact that the trial court had granted defendant's motion to dismiss for failure to answer defendant's discovery request. We held that inasmuch as no trial or hearing had commenced adjudicating the merits of the case, the plaintiff's right to voluntary dismissal still existed. *Davis v. International Harvester Co.* (1985), 139 Ill. App. 3d 264, 269, 487 N.E.2d 385, 389.

Similarly, in the case at bar we find that plaintiff had an absolute right to a voluntary dismissal. The court has no discretion to deny the plaintiffs' motion, as long as the requirements of section 2—1009 were met. (*Bailey v. State Farm Fire & Casualty Co.* (1985), 137 Ill. App. 3d 155, 159, 484 N.E.2d 522, 525.) We find the two supreme court cases cited by defendant in its brief and at oral argument to be distinguishable and not controlling in this case. *Dillie v. Bisby* (1985), 106 Ill. 2d 487, 478 N.E.2d 1338, dealt with the appealability of an order of voluntary dismissal. In *Dillie*, the Illinois Supreme Court reaffirmed its holding in *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787, wherein it reasoned that if there was no review of an or-

der of voluntary dismissal, there would be no method of determining whether the trial judge correctly decided that trial or hearing had not begun and therefore correctly entered an order dismissing the case without prejudice. (104 Ill. 2d 302, 306, 472 N.E.2d 787, 789.) However, the ability of a defendant to appeal a trial judge's finding of the "trial or hearing" issue does not in any way dilute plaintiff's absolute right to voluntarily dismiss his action before such "trial or hearing." We do not agree with defendant in its contention that *Dillie* signalled a change in the law regarding a plaintiff's absolute right to voluntarily dismiss his action before a trial or hearing. Furthermore, we note the supreme court's statement in *Kahle* that "[a]ny further limits on the plaintiff's common law rights [to voluntarily dismiss without prejudice] should be enacted by the legislature, not declared by this court." (104 Ill. 2d 302, 308, 472 N.E.2d 787, 789.) Nor does *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322, also cited by the defendant, indicate any alteration of the supreme court's determination of these issues. *O'Connell* dealt with whether a procedural rule of the supreme court (87 Ill. 2d R. 103(b)) was in conflict with procedural statutory provisions of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, pars. 2—1009, 13—217) and if so, which one should prevail.

In *O'Connell*, plaintiff filed his first medical malpractice complaint on the last day available under the applicable statute of limitations. Plaintiff then waited eight months before attempting service of process on the defendants, even though there was nothing in the record that suggested that defendants could not be located. The defendants filed a motion to dismiss the complaint with prejudice pursuant to Supreme Court Rule 103(b) (87 Ill. 2d R. 103(b)), citing plaintiff's lack of diligence in serving process. Plaintiff then moved for voluntary dismissal of the complaint pursuant to section 2—1009 of the Code. The circuit court granted plaintiffs' motion. Plaintiff then filed his complaint as provided under section 13—217 of the Code, which affords plaintiff the right to refile his complaint within a minimum of one year from taking a voluntary dismissal. (Ill. Rev. Stat. 1983, ch. 110, par. 13—217.) Defendants again moved, under Rule 103(b), to dismiss the refiled complaint, reasserting plaintiff's lack of due diligence in serving process on the original complaint. The circuit court denied the motions but certified an interlocutory appeal to the appellate court as provided by Supreme Court Rule 308 (87 Ill. 2d R. 308). Upon denial of the discretionary appeal by the appellate court, defendants petitioned for and obtained leave to appeal to the supreme court. The Illinois Supreme Court in *O'Connell* held under the circumstances of that

case that insofar as section 2—1009 directed the circuit court to dismiss a case without prejudice on motion of the plaintiff, it unduly infringes upon the fundamental, exclusive authority of the judiciary to render judgments. The supreme court held that where a plaintiff relies on sections 2—1009 and 13—217 in response to a pending Rule 103(b) motion, the Rule 103(b) motion must be heard on its merits prior to a ruling on plaintiffs' motion to dismiss under section 2—1009. The court further held that in ruling on the pending Rule 103(b) motion, the trial court may consider the circumstances surrounding plaintiff's service of process on his original as well as his refiled complaint. *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 283, 492 N.E.2d 1322, 1327.

We reject defendant's suggestion that *Dillie* and *O'Connell* indicate a change in the law and reaffirm our decision in *Bailey*. Unlike *O'Connell*, where there was a Supreme Court Rule 103(b) motion pending which contested the propriety of the service of process and consequently plaintiffs' fundamental ability to continue with the case on file, no such motion existed in the case at bar. Furthermore, unlike *Dillie* and *Kahle*, there is no dispute as to the propriety of defendant's instant appeal of the order of the trial court granting plaintiffs' motion for voluntary dismissal.

We find that plaintiffs had the absolute right to dismiss and then refile their case in order to file a jury demand which they had failed to request in the original suit. Plaintiffs' right to voluntarily dismiss has been part of the Illinois Civil Practice Act (now Code of Civil Procedure) for over 50 years and was a common law principle for many years prior to that. (See Ill. Ann. Stat., ch. 110, par. 2—1009, Historical and Practice Notes, at 416—17 (Smith-Hurd 1983).) As the supreme court stated in *Kahle*, "While it is unfortunate that the defendants have been inconvenienced, that sometimes happens in our adversary system. As long as the dismissal order is subject to review, the defendants have suffered no legal prejudice." (*Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 307, 472 N.E.2d 787, 789.) While certain abuses of this procedure should not be allowed, as the supreme court stated in *Kahle*, it is the place of the legislature to make the changes, not the court.

■ Plaintiffs' second contention on appeal is that section 2—1009 of the Code violates the due process and equal protection clauses of the fourteenth amendment to the United States Constitution and article I, section 2, of the Illinois Constitution. (U.S. Const. amend XIV, sec. 1; Ill. Const. 1970, art. I, sec. 2.) Defendant urges that allowing the plaintiffs to voluntarily dismiss their lawsuit in order to secure a

jury trial to which they would not otherwise be entitled allows plaintiffs an advantage that defendant is never allowed under the Illinois rules of civil procedure. In support of this proposition, defendant cites *Gulf, Colorado & Santa Fe Ry. Co. v. Ellis* (1897), 165 U.S. 150, 41 L. Ed. 666, 17 S. Ct. 255. At issue in *Ellis* was a Texas statute which granted attorney fees to plaintiffs who successfully sued railroads. The Supreme Court struck down this provision on due process and equal protection grounds. The court's holding, however, was based on the fact that the only class of defendants which was singled out for such treatment were railroads. No other class of unsuccessful defendants was required to pay attorney fees to a successful plaintiff. (165 U.S. 150, 153, 41 L. Ed. 666, 667, 17 S. Ct. 255, 260-61.) In the instant case, there is no singling out of coal companies. The Illinois Code of Civil Procedure does not impose any particular treatment on any class of litigants, but rather affords a plaintiff the absolute right to dismiss and refile its complaint assuming the requirements of section 2—1009 are met. Defendant does not contend that section 2—1009 encroaches upon fundamental rights, nor is there any issue of "suspect classifications." Absent such encroachment, strict scrutiny of the legislation is unnecessary. (*Weber v. Aetna Casualty & Surety Co.* (1972), 406 U.S. 164, 172, 31 L. Ed. 2d 768, 777, 92 S. Ct. 1400, 1405.) The statutory classification need only bear some rational relationship to a legitimate State purpose in order to satisfy the equal protection clause. (406 U.S. 164, 172, 31 L. Ed. 2d 768, 777, 92 S. Ct. 1400, 1405.) We find no violation of the due process and equal protection clauses of the fourteenth amendment to the United States Constitution and article I, section 2, of the Illinois Constitution. Both plaintiff and defendant have a right to demand a jury, and the voluntary dismissal of the first case filed by the plaintiffs does not abrogate the right of either party.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

HARRISON and WELCH, JJ., concur.