NANCY JACOBSEN, Adm'r of the Estate of Leah Legereit, Deceased, Plaintiff-Appellee, v. EDWARD F. RAGSDALE, Defendant-Appellant (Alton Memorial Hospital *et al.*, Defendants).

Fifth District   No. 5—86—0249

Opinion filed September 14, 1987.

Ray Freeark and Ransom P. Wuller, both of Freeark, Harvey & Mendillo, of Belleville, for appellant.

Ellen A. Dauber and Bruce N. Cook, both of Cook, Shevlin & Keefe, Ltd., of Belleville, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, Dr. Edward F. Ragsdale, appeals under Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) from the judgment of the circuit court of Madison County which granted plaintiff's motion for voluntary dismissal of his medical malpractice action under section 2—1009 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009). Defendant's motion to dismiss, filed pursuant to section 2—619 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), was pending at that time and had been set for hearing.

Plaintiff's suit was originally filed on August 8, 1985, in the circuit court of St. Clair County, Illinois. The complaint sought recovery for the wrongful death of Leah Legereit, allegedly caused by the medical malpractice of Alton Memorial Hospital, Dr. Edward F. Ragsdale, a radiologist, and Dr. Bellande Saint Louis, a treating doctor. Leah Legereit was allegedly admitted to Alton Memorial Hospital on or about November 19, 1984, and died on November 24, 1984.

Motions to transfer venue were filed on behalf of Alton Memorial Hospital, Dr. Bellande Saint Louis and Dr. Edward F. Ragsdale on the basis that none of the joined defendants were residents of St. Clair County and that the alleged injury took place in Madison County, Illinois. On October 22, 1985, an order was entered in the circuit court of St. Clair County, Illinois, transferring the case to Madison County. Defendants Alton Memorial Hospital and Dr. Bellande Saint Louis filed answers to plaintiff's complaint. Defendant Dr. Edward F. Ragsdale filed a motion to dismiss, supported by an affidavit, the thrust of which was that Dr. Ragsdale was not a proper defendant to the law-

suit in that he had not personally treated Leah Legereit or taken part in the medical treatment which allegedly led to her death. Also attached to defendant's motion to dismiss were copies of the hospital records of Leah Legereit which indicated by the incidents, places and people described therein that defendant Dr. Edward F. Ragsdale was not personally involved in the care and treatment of plaintiff's decedent. Plaintiff did not present counteraffidavits or any evidence to refute the contentions of Dr. Ragsdale.

On January 31, 1986, Dr. Ragsdale's motion to dismiss was argued and allowed. In that order, the trial court granted plaintiff "30 days to file an amended complaint against the radiologist who interpreted the deceased's x-rays." On February 19, 1986, plaintiff filed her first amended complaint, again including defendant Dr. Ragsdale as a named defendant. Count II of the first amended complaint was directed against Dr. Ragsdale and alleged that he committed one or more acts of negligence by and through his agent, Dr. John Hooker.

On February 21, 1986, defendant Dr. Ragsdale again filed a motion to dismiss, this time directed against the first amended complaint. In that motion, defendant asserted that a physician shareholder of a corporation is not liable for the alleged malpractice of another physician shareholder of the corporation where the shareholder being sued rendered no medical services to the patient, did not sign any hospital records or medical reports on the patient, and did not exercise any supervision or control over the physician shareholder who did treat the patient. Dr. Ragsdale's earlier affidavit attached to the motion to dismiss the original complaint was incorporated into defendant's motion to dismiss the first amended complaint. The first amended complaint was again answered by codefendants Alton Memorial Hospital and Dr. Bellande Saint Louis and various discovery was undertaken.

On March 31, 1986, the plaintiff, *ex parte*, moved to amend her amended complaint and add Dr. John H. Hooker as an additional named defendant. The motion was granted and an order was entered on March 31, 1986. Plaintiff filed her second amended complaint at that time, again naming Dr. Edward F. Ragsdale as a defendant. The court set defendant Dr. Ragsdale's motion to dismiss the first amended complaint for hearing on April 4, 1986. At the hearing, plaintiff moved to voluntarily dismiss the claim against defendant Dr. Ragsdale without prejudice. Over defendant's objection, plaintiff's motion was granted by the court. An order was entered granting plaintiff's motion for voluntary dismissal, in which the court stated: "This cause comes on to be heard on motions of the defendant Ragsdale to

dismiss and plaintiff's motion to voluntarily dismiss Dr. Ragsdale. Defendant's motion to dismiss was filed prior to plaintiff's motion. Notwithstanding, the court rules in favor of plaintiff and dismisses the cause of action against Dr. Ragsdale without prejudice." The court also found that there was "no just reason for delaying enforcement or appeal of this order."

We note at the outset that there is no question that the order in question is appealable under the holdings in *Dillie v. Bisby* (1985), 106 Ill. 2d 487, 478 N.E.2d 1338, and *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787.

On appeal, defendant raises the issue of whether the trial court abused its discretion when it considered and granted plaintiff's motion for voluntary dismissal before considering defendant's motion to dismiss, which had been filed and set for hearing prior to plaintiff's motion. We affirm.

Defendant, placing strong reliance upon the decision in *Bernick v. Chicago Title & Trust Co.* (1945), 325 Ill. App. 495, 60 N.E.2d 442, contends that where a hearing has been set pursuant to a motion to dismiss filed under section 2—619 of the Civil Practice Law, a plaintiff no longer has an absolute right to a voluntary dismissal. In *Bernick*, the defendant's motion relied upon the doctrine of *res judicata* as a complete defense to the action. The court reasoned that since a motion under section 48 of the Civil Practice Act (now section 2—619 of the Civil Practice Law) would terminate the litigation if sustained, a "hearing" had begun within the meaning of the statute regarding voluntary dismissals. (325 Ill. App. 495, 501, 60 N.E.2d 442, 444; see also *City of Palos Heights v. Village of Worth* (1975), 29 Ill. App. 3d 746, 331 N.E.2d 190.) The court in *Bernick* went on to conclude:

> "The motion of defendants under sec. 48 was supported by affidavit. The affidavit was not denied and was therefore to be taken as true. [Citation.] A hearing on the legal sufficiency of a plea which, if sustained, will terminate the litigation, is a trial." (*Bernick v. Chicago Title & Trust Co.* (1945), 325 Ill. App. 495, 502, 60 N.E.2d 442, 445.)

Section 48 of the Civil Practice Act referred to in *Bernick* is now section 2—619 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—619). This section provides for involuntary dismissal based on certain defects or defenses and includes motions to dismiss an action due to lack of subject matter jurisdiction, the legal capacity of plaintiff to sue or the defendant's legal capacity to be sued, *res judicata*, statute of limitations, and certain other defenses.

In *City of Palos Heights v. Village of Worth* (1975), 29 Ill. App. 3d 746, 331 N.E.2d 190, the appellate court affirmed *Bernick* and in so doing stated:

"The motions included as grounds questions as to plaintiff's standing and other affirmative matters to avoid the relief under the complaint, and other grounds as provided in sections 45 and 48 of the Civil Practice Act. (Ill. Rev. Stat. 1973, ch. 110, pars. 45, 48). Since a motion under section 48 [now section 2—619] by a defendant to dismiss would terminate the litigation if sustained, a hearing within the meaning of section 52(1) [now section 2—1009(a)] had begun." (29 Ill. App. 3d 746, 749, 331 N.E.2d 190, 194.)

Section 52(1) referred to in *City of Palos Heights* (now section 2—1009(a) of the Civil Practice Law) provides that "[t]he plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or [each such party's] attorney, and upon payment of costs, dismiss his [or her] action or any part thereof as to any defendant, without prejudice, by order filed in the cause." (Ill. Rev. Stat. 1973, ch. 110, par. 52(1).) In *City of Palos Heights*, although the hearing had not begun, the court felt that the filing of a motion under section 48 of the Civil Practice Act (now section 2—619) which would terminate the litigation was sufficient to restrict a plaintiff's right to voluntarily dismiss.

In the instant case, defendant Dr. Ragsdale filed a motion pursuant to section 2—619 of the Civil Practice Law and included an affidavit in support of that motion. However, at the time of the hearing, the trial court in the instant case refused to rule on defendant's motion to involuntarily dismiss and instead entered an order voluntarily dismissing plaintiff's action without prejudice. Placing heavy reliance on the decisions in *Bernick* and *City of Palos Heights*, defendant maintains that this was error and contends that motions to involuntarily dismiss filed pursuant to section 2—619 constitute "hearings" within the meaning of section 2—1009 of the Civil Practice Law. Defendant urges that the voluntary dismissal procedure may not be utilized by plaintiff if defendant has on file a motion which would terminate the litigation if allowed unless such motion is first heard and ruled upon. We disagree and find that our recent decision in *Metcalfe v. St. Elizabeth's Hospital* (1987), 160 Ill. App. 3d 47, is dispositive of this issue.

In *Metcalfe*, defendant St. Elizabeth's Hospital and a defendant doctor filed motions to dismiss plaintiff's medical malpractice action for failure to comply with section 2—622 of the Civil Practice Law

(Ill. Rev. Stat., 1986 Supp., ch. 110, par. 2—622), which requires an affidavit of the plaintiff's attorney and a report of a medical professional to be filed with the complaint. A hearing on the defendants' motions was held. Shortly after the hearing, but before the court ruled on the defendants' motions, plaintiff filed his motion to voluntarily dismiss the action. The court granted plaintiff's motion and at the same time found that defendants' motions to dismiss were then moot. The defendants in *Metcalfe* noted that pursuant to the express language of section 2—622(g) of the Civil Practice Law, their motions to dismiss were section 2—619 motions, and argued that the holding in *Bernick v. Chicago Title & Trust Co.* (1945), 325 Ill. App. 3d 495, 60 N.E.2d 442, was applicable. Defendants asserted that the legislature, in adopting section 2—622, intended that the failure to comply with the provisions of section 2—622 result in a dismissal with prejudice, as evidenced by the express reference to section 2—619. In *Metcalfe*, we found that it was not necessary to decide whether a dismissal for noncompliance with the provisions of section 2—622 must be a dismissal with prejudice. We found that in view of the definition of a "hearing" in *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787, the holding in *Bernick* could no longer be the law. We further noted that the First District, which decided *Bernick*, had rejected its own decision in *In re Marriage of Fine* (1983), 116 Ill. App. 3d 875, 452 N.E.2d 691, albeit *in dicta*, in which it stated that a hearing on a section 2—619 motion is "no more a 'hearing' under section [2—1009] than are other proceedings relating to preliminary motions." (*Metcalfe v. St. Elizabeth's Hospital* (1987), 160 Ill. App. 3d 47, 52, citing *In re Marriage of Fine* (1983), 116 Ill. App. 3d 875, 880, 452 N.E 2d 691, 693.) Continuing, we concluded as follows:

"We therefore reject the holding in *Bernick* and the similar view stated recently in *Highland v. Stevenson* (1987), 153 Ill. App. 3d 390, 397-98, 505 N.E.2d 776, 781, that the trial court should have discretion to consider any defense motion which might result in a dismissal with prejudice prior to a ruling on a plaintiff's voluntary dismissal motion. We conclude that a hearing on a motion to dismiss for failure to comply with section 2—622 is not a 'hearing' as provided in section 2—1009(a). In doing so we follow the numerous decisions which have found that a plaintiff has an absolute right to a voluntary dismissal prior to trial or hearing even though pending is a motion by a defendant which, if granted, could result in a dismissal with prejudice or final judgment." (160 Ill. App. 3d 47, 52.)

As has been stated often in recent decisions of this court, the volun-

tary dismissal statute grants plaintiffs the absolute privilege to dismiss regardless of the circumstances or motive. *Rohr v. Knaus* (1987), 153 Ill. App. 3d 1013, 506 N.E.2d 634; *Kern v. Peabody Coal Co.* (1987), 151 Ill. App. 3d 807, 502 N.E.2d 1322; *Russ v Gandhy* (1986), 149 Ill. App. 3d 660, 500 N.E.2d 1032; *Davis v. International Harvester Co.* (1985), 139 Ill. App. 3d 264, 487 N.E.2d 385; *Bailey v. State Farm Fire & Casualty Co.* (1985), 137 Ill. App. 3d 155, 484 N.E.2d 522.

In further support of his argument, defendant urges that the recent decision of the supreme court in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322, supports his argument and signals a change in the law.

In *O'Connell*, the supreme court held that where a plaintiff, relying on section 2–1009, moves to voluntarily dismiss his suit while a defendant's motion is pending to dismiss for lack of diligent service under Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)), the trial court must hear the latter motion on its merits prior to ruling on the plaintiff's motion. (*O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 283, 492 N.E.2d 1322, 1327.) Under the circumstances of that case the supreme court held that insofar as section 2–1009 directed the circuit court to dismiss a case without prejudice on motion of the plaintiff, it unduly infringes upon the fundamental, exclusive authority of the judiciary to render judgments. Because section 2–1009 of the Civil Practice Law was found to be in conflict with Supreme Court Rule 103(b), the supreme court resolved the conflict by applying constitutional principles of separation of powers and the supremacy of the constitutional power vested in the supreme court to promulgate procedural rules. The court there held that where such a rule conflicts with a statute, the rule will prevail. Thus, where a plaintiff relies on sections 2–1009 and 13–217 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2–1009, 13–217) in response to a pending Rule 103(b) motion, the Rule 103(b) motion must be heard on its merits prior to a ruling on plaintiff's motion for voluntary dismissal under section 2–1009. 112 Ill. 2d 273, 281-83, 492 N.E.2d 1322, 1326-27.

■ Defendant in the case at bar asserts that similar conflicts between section 2–1009 of the Civil Practice Law and supreme court rules exist which make the holding in *O'Connell* applicable to the instant case. Defendant urges that voluntary dismissal granted after the filing of a motion for involuntary dismissal avoids the effect of Supreme Court Rule 273 (107 Ill. 2d R. 273) just as it does Rule 103(b).

Rule 273 provides that "[u]nless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an

action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." (107 Ill. 2d R. 273.) Defendant asserts that if a motion to involuntarily dismiss is not heard before a motion for voluntary dismissal, the dictates of Rule 273 are frustrated. For this reason, defendant argues that the *O'Connell* decision supports *Bernick v. Chicago Title & Trust Co.* (1945), 325 Ill. App. 3d 495, 60 N.E.2d 442, and required the trial court in the instant case to take action on the defendant's motion for involuntary dismissal before hearing plaintiff's motion for voluntary dismissal. Defendant further contends that while the *O'Connell* decision did not address the definition of the word "hearing" or specifically interpret the language of section 2—1009, the case is supportive of the decision in *Bernick.* Defendant's argument must fail. As we noted earlier, we have previously rejected the holding in *Bernick* and the similar view stated recently in *Highland v. Stevenson* (1987), 153 Ill. App. 3d 390, 397-98, 505 N.E.2d 776, 781. (*Metcalfe v. St. Elizabeth's Hospital* (1987), 160 Ill. App. 3d 47.) Moreover, despite defendant's argument, we find that in the case at bar there is no conflict between a court rule and a statute as there was in *O'Connell.* Furthermore, this court has rejected the suggestion that *O'Connell* indicates a change in the law and has concluded that the holding in *O'Connell* was limited to Rule 103(b) motions. See *Kern v. Peabody Coal Co.* (1987), 151 Ill. App. 3d 807, 811, 502 N.E.2d 1322, 1325; *Metcalfe v. St. Elizabeth's Hospital,* (1987), 160 Ill. App. 3d 47.

Defendant asserts that the privilege of voluntary dismissal has been abused by the plaintiff in the instant case and has become a device by which the goal of expeditious administration of justice can be defeated. Defendant questions why litigation which is "obviously unmeritorious and subject to motions to dismiss with prejudice should be protected by section 2—1009." As we noted in *Rohr v. Knaus,* whether abuse exists turns on the view of the litigants. (*Rohr v. Knaus* (1987), 153 Ill. App. 3d 1013, 1017, 506 N.E.2d 634, 637.) The arguments advanced by defendant were considered and rejected by the supreme court in *Kahle v. John Deere Co.* The court, in *Kahle,* noting that the privilege of voluntary nonsuit existed at common law in a more extensive form and has existed by statute in Illinois for many years, concluded, after reviewing precedent, that "[a]ny further limits on the plaintiff's common law rights [to voluntarily dismiss without prejudice] should be enacted by the legislature, not declared by this court." (*Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 308, 472 N.E.2d 787, 789.) Outside of the limited exception established in

*O'Connell,* we have determined that a plaintiff's right to voluntary dismissal prior to trial or hearing is still an absolute right. (*Metcalfe v. St. Elizabeth's Hospital* (1987), 160 Ill. App. 3d 47.) We conclude, therefore, that plaintiff had an absolute right to voluntarily dismiss the action in the instant case.

For the foregoing reasons, the order of the circuit court of Madison County granting plaintiff's motion to voluntarily dismiss her action is affirmed.

Affirmed.

HARRISON and LEWIS,* JJ., concur.

---

*Justice Lewis replaces Justice Jones, who retired after the cause was taken under advisement.