THE ENVIRONMENTAL PROTECTION AGENCY, Petitioner-Appellant, v. THE CELOTEX CORPORATION *et al.*, Respondents-Appellees.

Third District    No. 3—87—0432

Opinion filed April 25, 1988.

Neil F. Hartigan, Attorney General, of Springfield (Diane Rosenfeld Lopata and James Archier, Assistant Attorneys General, of Chicago, of counsel), for appellant.

John L. Parker, of John L. Parker & Associates, Ltd., of Chicago, and H. Gerald Reynolds, of Tampa, Florida, for appellee Celotex Corporation.

JUSTICE SCOTT delivered the opinion of the court:

The Illinois Environmental Protection Agency (Agency) seeks review of a final order entered by the Illinois Pollution Control Board

(Board) on July 2, 1986, which struck count IV of their complaint and which barred assertion of any and all groundwater claims contained in the remaining counts of their complaint filed against the respondent, Celotex Corporation.

In July 1979, the Agency filed a complaint before the Board alleging various violations arising from Celotex' operation of a sanitary landfill in Wilmington, Illinois. Count IV of the complaint alleged that Celotex caused or allowed contaminants to be discharged into the waters of Illinois through its landfill operations, thereby causing or threatening to cause water pollution.

The record in the instant cause is voluminous, reflecting the vast amount of discovery conducted during the seven-year course of these proceedings. Approximately 247 motions, objections, requests for discovery and other pleadings were filed by Celotex alone. Our review is properly limited to the events and proceedings occurring between June 1985 and July 1986, as these events were the subject of the Board's order.

In June 1985, the Agency took water samples from three wells at the Celotex site and specified 31 parameters for which the samples would be tested. Approximately two years earlier, the Agency identified Kenneth P. Bechely and Monte N. Nienkerk as two of their expert witnesses. Bechely was manager of the Agency's field operations in Will County and had taken water samples from the Celotex site and from nearby monitoring well sites, including sites at the Joliet Army Ammunition Plant. Bechely's initial deposition was taken in October 1984 and was scheduled to be continued on November 19, 1984. Bechely did not appear for the continued deposition and, following numerous failures to appear and cancellations, his deposition was finally scheduled for August 21, 1985.

During his deposition in August 1985, Bechely disclosed that the Agency had monitoring sites near the Celotex site and that monitoring well data existed in the Agency's files. He refused to identify the specific sites or disclose which of those sites had monitoring data. Celotex filed a motion to compel Bechely to answer these questions. By hearing officer order dated September 16, 1985, Bechely was ordered to answer. The Agency and Celotex agreed that Bechely's deposition, wherein he would have to answer the questions, would be on October 15, 1985, but the deposition was cancelled by the Agency. In the ensuing six months, the record reveals that numerous deposition dates were scheduled and cancelled by the Agency. By order of the hearing officer following a public hearing on March 20, 1986, Bechely was ordered to be deposed on April 16, 1986. The Agency again

cancelled the deposition and no substitute date was offered by the Agency.

By an order dated April 4, 1986, the hearing officer ordered the agency to produce witness Monte Nienkerk, a groundwater consultant to the Agency, for deposition on either April 25, 1986, or May 1, 1986. The Agency was ordered to respond to the hearing officer by April 11, 1986, as to which date would be scheduled for Nienkerk's deposition. The Agency did not respond as ordered and letters from Celotex counsel to Agency counsel failed to produce any deposition dates. On April 18, 1986, Celotex sought sanctions against the Agency for failure to produce its expert witnesses, Bechely and Nienkerk, for depositions.

Following Celotex' discovery that the Agency possessed documentation concerning water samples taken from monitoring wells at or nearby the Celotex site, Celotex sought production from the Agency of those documents. The Agency resisted production of the documents, contending they were irrelevant. By hearing officer order entered in October 1985, the Agency was ordered to produce the documents. The Agency then appealed the hearing officer's order to the Board. The Board upheld the hearing officer's order, but the Agency failed to produce the documents. Celotex made a second request to the hearing officer that the Agency be ordered to comply.

By order dated November 11, 1985, the hearing officer directed the Agency to identify the closest monitoring well sites to the Celotex site and to allow Celotex to select three sites for which documentation would be produced. Following the hearing officer's order, the Agency again resisted production of the documents and filed a second appeal to the Board. Their appeal was again rejected. The Agency thereafter was found by the hearing officer to have failed to respond to Celotex' letter requests to provide information for selection of the sites for which documents would be produced.

On April 3, 1986, the Agency offered to make the documents available to Celotex for inspection at their Maywood office during the week of April 7 through April 11, 1986. The Agency agreed to an inspection of the documents on April 10, but on April 9 the agency cancelled the inspection, contending their files were incomplete. The Agency refused Celotex' offer to inspect those files on hand and stated that the documents would have to be inspected in Springfield. Celotex thereafter filed a motion for sanctions for repeated failure of the Agency to comply with the hearing officer's order of November 11, 1985.

On April 24, 1986, the Board entered an order granting sanctions

against the Agency relating to the inspection of the groundwater documents from nearby monitoring wells sites and, by order adopted on May 9, 1986, granted Celotex' motion for sanctions against the Agency for failure to produce witnesses Bechely and Nienkerk for deposition. The Board stated:

> "This pattern of sluggish response to and or disregard of, hearing officer orders and repeated and sometimes abrupt cancellation of, or non-attendance at, deposition sessions is unacceptable, and a justification/explanation based on a general allegation of 'unforeseeable events' will not lie. *** [T]his conduct must be viewed in light of the pattern of disregard of deadlines set in hearing officer orders and failure to request extensions thereof in advance of default."

The Board reserved ruling on the nature of the sanctions pending receipt of the parties' briefs.

Following the Board's April 24 decision to impose sanctions against the Agency, the Agency offered to allow Celotex to inspect the documents at their Maywood office on May 12, 1986. During the inspection, Celotex' counsel copied documents on a portable copier. The Agency objected to the copying and requested all copies be left at their office, but Celotex' counsel removed his copies and the inspection was terminated. Celotex thereafter requested an order from the hearing officer to permit completion of the inspection. The Agency simultaneously requested the Board to grant sanctions against Celotex, including a default judgment as to count IV, and requested issuance of an order requiring return of the copies.

Celotex' motion to complete the inspection was granted by hearing officer order dated June 3, 1986. In his recommendation to the Board regarding the Agency's request for sanctions, the hearing officer stated, *inter alia*, that the Agency had not complied with his order of November 11, 1985, requiring any objections be presented to him for a ruling and that the Agency's actions on May 12 had further complicated the matter.

In the interest of curtailing unnecessary discovery, the hearing officer on April 4, 1986, issued an order directing the Agency to specify and identify which of the water pollution standards and 31 tested parameters they claim, based on samples taken from three wells at the Celotex site, evidences violation of Illinois water pollution regulations. The Agency was ordered to produce this information in two weeks. The Agency did not produce the information and the hearing officer thereafter ordered a response to be filed by May 2, 1986. On May 2, the Agency stated by letter that three parameters had exceeded the

applicable water pollution regulations. Celotex thereafter filed a request for admission of fact that only those parameters were at issue in the proceedings. The Agency denied the request to admit and Celotex requested further sanctions by motion on May 27, 1986. Celotex specifically requested sanctions in the form of an order denying admission of any June 1985 water sample results and/or requiring the Agency to abide by their letter of May 2.

The Board by order entered July 2, 1986, denied the Agency's motion for sanctions relating to document inspection and copying, and granted Celotex' motion for sanctions in response to the Agency's failure to specify the violated water pollution standards and parameters. The Board specifically found that the Agency failed to comply with the hearing officer's order to review and specify which of the 31 parameters constituted evidence of Celotex' violation of Illinois water pollution regulations; further, that the Agency failed to conduct a thorough review of board regulations in failing to evaluate all 31 parameters and failed to make final litigation decisions required by the hearing officer's order resulting in unfair surprise to Celotex. It concluded that the most appropriate sanction was the striking of count IV of the Agency's complaint and barred assertion of any and all groundwater claims in conjunction with any of the remaining counts in the Agency's complaint.

The Agency filed a motion for reconsideration which was denied by Board order adopted August 14, 1986. The Agency thereafter filed a motion to dismiss with leave to reinstate counts I, II, III and IV. The Board by order adopted December 5, 1986, dismissed the counts with prejudice. The sole issue presented for our review is whether the Board abused its discretion in striking the Agency's groundwater claims.

■ The Pollution Control Board's action taken on July 2, 1986, is expressly authorized pursuant to rule contained in section 107.101(c) of Title 35 of the Illinois Administrative Code, "Consequences of Refusal to Comply with Procedural Rules or Orders of the Hearing Officer or Board" (35 Ill. Adm. Code 107.101(c) (1985)). This rule permits the Board to impose sanctions on a party or any person who unreasonably refuses to comply with the Board's procedural rules or any order entered by the Board or hearing officer. Specifically, the Board may enter orders which include the following:

"(2) That the offending party be debarred from filing any other pleading relating to any issue to which the refusal or failure relates:

(3) That the offending party be debarred from maintaining

any particular claim, counterclaim, third-party complaint, or defense relating to that issue;

(4) That a witness be barred from testifying concerning that issue;

(5) That, as to claims or defenses asserted in any pleading to which that issue is material, a judgment by default be entered against the offending party or that his suit be dismissed with or without prejudice;

(6) That any portion of the offending party's pleadings relating to that issue be stricken and, if thereby made appropriate, judgment be entered as to that issue." 35 Ill. Adm. Code 107.101(c)(2) through (c)(6) (1985).

These sanctions of the Illinois Administrative Code are patterned after Illinois Supreme Court Rule 219(c) (107 Ill. 2d R. 219(c)), which allows a trial court broad discretion in imposing sanctions upon parties for unreasonable noncompliance with pretrial procedures. Under this rule it is well settled that the drastic sanction of dismissing a party's claim is warranted when there is a deliberate and contumacious disregard of the rules or of a court's order for which there are no extenuating circumstances. *Fine Arts Distributors v. Hilton Hotel Corp.* (1980), 89 Ill. App. 3d 881, 412 N.E.2d 608; *Valdivia v. Chicago & North Western Transportation Co.* (1980), 87 Ill. App. 3d 1123, 409 N.E.2d 457.

After a thorough review of all motions filed by the parties and of the history of the case, the Board concluded that the Agency's failure to comply with Board and hearing officer orders concerning production of documents, in addition to their failure to produce witnesses for deposition, constituted clear attempts to stall significant discovery by Celotex; further, that Celotex, through no fault of its own, was precluded from obtaining information essential to its defense concerning the alleged groundwater pollution. The Board concluded that the Agency's explanations for its discovery defaults were not reasonable.

This court is mindful that the dismissal of a party's claim is a drastic sanction and should be employed sparingly. However, when a scheme of deliberate defiance of the rules of discovery and the court's authority or an attempt to stall significant discovery has been shown, such a sanction is appropriate and should be unhesitatingly applied. *Cedric Spring & Associates, Inc. v. N.E.I. Corp.* (1980), 81 Ill. App. 3d 1031, 402 N.E.2d 352; *Jones v. Healy* (1981), 97 Ill. App. 3d 255, 422 N.E.2d 904.

■ Our review of the record confirms the Board's finding that the Agency engaged in a pattern of dilatory response to hearing offi-

cer orders, unjustifiable cancellation of depositions, and engaged in an intentional pattern of refusal to meet deadlines; further, that the explanations tendered for these activities were not reasonable. We find that the Board's finding that the Agency was guilty of abuse of discovery was amply justified and concur that lesser sanctions would be of little avail in advancing timely closure of the pretrial proceedings.

We therefore find no abuse of discretion by the Board in striking count IV of the Agency's complaint and barring any and all groundwater claims against Celotex as a sanction for the Agency's abuse of discovery.

Accordingly we affirm the Board's order adopted July 2, 1986, striking count IV of their complaint and barring any and all groundwater claims against Celotex.

Affirmed.

STOUDER and WOMBACHER, JJ., concur.