DANNY VAUGHN, Plaintiff-Appellant, v. NORTHWESTERN MEMORIAL HOSPITAL *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—88—2252

Opinion filed February 19, 1991.

Michael W. Rathsack, of Chicago (Louis S. Goldstein and Cindy G. Flux-gold, of counsel), for appellant.

Querrey & Harrow, Ltd., of Chicago (Michael Resis, of counsel), for appellee Northwestern Memorial Hospital.

Kelley, Drye & Warren, of Chicago, and Northwestern University, of Evanston (Eric F. Quandt, Tammi C. Bornstein, Carolyn Quinn, and James M. Perry, of counsel), for other appellees.

JUSTICE DiVITO delivered the opinion of the court:

Plaintiff Danny Vaughn (plaintiff) brought a medical malpractice action against defendants Northwestern Memorial Hospital (Hospital), Northwestern Medical Faculty Foundation, Inc. (Foundation), Northwestern University Medical School (School), and Dr. David Cugell, M.D. (Cugell) (sometimes jointly, defendants). The circuit court denied plaintiff's motion to dismiss the case voluntarily as to the Foundation and the Hospital, and granted all four defendants' motions to dismiss with prejudice for failure to comply with discovery. Plaintiff appeals, presenting as issues: (1) whether the circuit court was required to grant plaintiff's motion to dismiss his complaint voluntarily as to the Hospital and the Foundation before considering their previously filed motions to dismiss plaintiff's case against them; and (2) whether the circuit court abused its discretion in dismissing plaintiff's complaint with prejudice as to all four defendants for failure to comply with discovery.

In June of 1984, plaintiff filed an eight-count complaint against defendants to recover for personal injuries allegedly sustained while receiving medical treatment from them. Discovery between the parties commenced, and on April 8, 1985, the Hospital served plaintiff with a notice for his deposition for October 2, 1985. On June 3, 1985, the three other defendants also served plaintiff with a notice to depose him on September 10, 1985. Plaintiff failed to appear on both dates.

An initial pretrial conference was held on June 18, 1986. At that time the circuit court ordered the depositions of all parties to be completed by November 1, 1986. Plaintiff did not comply with this order. At the next pretrial, on February 25, 1987, the court ordered all dis-

covery to be completed by December 11, 1987, and set a final pretrial conference for that date.

On November 19, 1987, the School, the Foundation, and Cugell filed a motion to dismiss plaintiff's complaint for failure to comply with discovery. As of that date, plaintiff's deposition had been continued 10 times at his request. In addition, he had not answered interrogatories pursuant to Rule 220 (107 Ill. 2d R. 220) which had been filed eight months earlier. Defendants further alleged that they had repeatedly attempted to obtain plaintiff's compliance with discovery, but their efforts had been unsuccessful. Plaintiff filed no response to the motion. The motion was entered and the case was continued to December 11, 1987.

On December 11, the case was continued to June 1, 1988, and the court ordered all oral discovery to be completed by that date. When plaintiff still did not appear for his deposition, Cugell and the School again presented their motion to dismiss on June 21, 1988. At that hearing, defense counsel alleged that plaintiff's deposition had been continued 17 times and argued that this failure to comply warranted dismissal. Plaintiff's counsel responded that plaintiff was in poor health and that it was difficult for him to appear for a lengthy deposition. The court granted the motion of Cugell and the School to dismiss with prejudice and found that, pursuant to Supreme Court Rule 304(a), (107 Ill. 2d R. 304), there was no just reason for delaying enforcement or appeal.

On June 24, 1988, both the Foundation and the Hospital filed motions to dismiss plaintiff's complaint with prejudice and personally served plaintiff with their motions. A hearing on the motions was held on June 28, 1988, at which time, without prior notice to defendants, plaintiff presented his motion to voluntarily dismiss the case as to the two remaining defendants.

Defense counsel argued that they did not receive proper notice of plaintiff's motion. Plaintiff's counsel maintained that it was impossible for him to comply with local notice rules because he had not received defendants' motions in time to comply. The court denied plaintiff's motion and dismissed the case with prejudice as to the Hospital and the Foundation for plaintiff's failure to comply with discovery. This appeal followed.

I

Plaintiff initially contends that he had a statutory right to voluntary dismissal regardless of the pendency of defendants' motions to dismiss. He argues that the court was required to grant his motion to dismiss the case voluntarily before considering defendants' motions.

■ Section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009(a)) governs voluntary dismissal. It states:

"(a) The plaintiff may, at any time before trial or hearing begins, *upon notice* to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause." (Emphasis added.)

The statute thus provides the three requirements which must be satisfied in order for the plaintiff to qualify for and receive voluntary dismissal. Those requirements are (1) no trial or hearing shall have begun; (2) costs must be paid; and (3) notice must be given. The Hospital and the Foundation maintain that plaintiff has not fulfilled the third requirement and is therefore precluded from voluntarily dismissing his case. Their position is well taken.

■ Circuit Court Rule 2.1 (Cook County Cir. Ct. Rules 2.1 (a), (c)(1)) governs the notice requirement. It states, in pertinent part:

"(a) **Notice required**—Except in actions appearing on the daily trial call or during the course of trial, *written notice of the hearing of all motions shall be given to all parties who have appeared* ***.

*** 

(c) **Manner and time of service of notice.**

(1) Notice shall be given in the manner and to the persons described in Supreme Court Rule 11. If notice of hearing is given by personal service the notice shall be delivered before 4:00 p.m. of the second (2nd) court day preceding the hearing of the motion. If notice is given by mail, the notice shall be deposited in a United States Post Office or Post Office Box on or before the fifth (5th) court day preceding the hearing of the motion." (Emphasis added.) (Cook County Cir. Ct. Rules 2.1 (a), (c)(1).)

In this case, plaintiff gave *no* notice of his motion to voluntarily dismiss. Both the Foundation and the Hospital personally served plaintiff with their motions to dismiss on Friday, June 24, 1988. This complied with the two-day notice period which the rule requires for personal service. At the hearing on June 28, 1988, following defendants' presentations of their motions, plaintiff moved to voluntarily dismiss his complaint as to those two defendants. Plaintiff argued at the hearing that because of the timing of defendants' service, he was unable to comply with the notice requirements. Yet, plaintiff did not attempt to contact either the court or opposing counsel between Friday, June 24 and Tuesday, June 28, 1988. At oral arguments, plaintiff asserted that the

notice requirement of section 2—1009 meant only that nothing could be done *ex parte*. This interpretation of the statute's notice requirement must be rejected. The specific notice requirement is clearly defined by the local rules.

Although plaintiffs generally have an absolute right to voluntary dismissal, they must comply with the requirements of section 2—1009. (*Bailey v. State Farm Fire & Casualty Co.* (1985), 137 Ill. App. 3d 155, 484 N.E.2d 522.) In *Bailey*, upon which plaintiff relies, the court granted plaintiff's motion to voluntarily dismiss and denied defendant's motion to dismiss with prejudice. The plaintiff in that case, however, had met all three requirements of section 2—1009, including the notice requirement.

Plaintiff's reliance on *Davis v. International Harvester Co.* (1985), 139 Ill. App. 3d 264, 487 N.E.2d 385, is also misplaced for the same reason. In *Davis*, no trial or hearing had begun, costs were paid, and notice was given. The *Davis* court reiterated the necessity of fulfilling section 2—1009's three requirements before plaintiff's right to voluntarily dismiss becomes absolute. It stated that "[t]he court has no discretion to deny the plaintiff's motion, *as long as the requirements of section 2—1009 were met.*" (Emphasis added.) *Davis v. International Harvester Co.*, 139 Ill. App. 3d at 269, citing *Bailey v. State Farm Fire & Casualty Co.*, 137 Ill. App. 3d at 159.

Plaintiff urges application of *Metcalfe v. St. Elizabeth's Hospital* (1987), 160 Ill. App. 3d 47, 513 N.E.2d 12, which held that the right to voluntary dismissal is absolute, even where no notice is given to defendants. Our research discloses that *Metcalfe* is the only case holding that notice is not required pursuant to section 2—1009 proceedings. We reject that portion of the *Metcalfe* holding which ignored the specific requirements of the voluntary dismissal statute and conclude that the better procedure is to require strict compliance with the statute.

This court, in *Intaglio Service Corp. v. J.L. Williams & Co.* (1983), 112 Ill. App. 3d 824, 445 N.E.2d 1200, affirmed the circuit court's denial of the plaintiff's motion to voluntarily dismiss for lack of proper notice. The plaintiff in that case first moved orally and then in writing, without any prior notice as required by rule, to dismiss without prejudice. This was done at a hearing previously set for the defendant's motion to dismiss. The court held that had the plaintiff given proper notice, the defendant would not have been prejudiced by incurring costs and expending effort in preparing its motion. *Intaglio*, 112 Ill. App. 3d at 832.

*Intaglio* is analogous to the case at bar. In both cases, there was a previously set date for the purpose of hearing the defendants' motions to dismiss. In both cases, the plaintiffs attempted to voluntarily dis-

miss their cases in violation of the notice rules. In both cases, the defendants spent time and money in defending their cases and in preparing their motions.

■■ We are mindful of *Gibellina v. Handley* (1989), 127 Ill. 2d 122, 535 N.E.2d 858, and the recent trend to combat "the myriad abusive uses of the voluntary dismissal statute." (*Gibellina,* 127 Ill. 2d at 136.) The *Gibellina* court held that a trial court may hear and decide a defendant's dispositive motion which has been filed prior to a motion for voluntary dismissal. The Hospital and the Foundation urge this court to apply *Gibellina* retroactively. Such application, however, is neither warranted nor necessary. It is not warranted because *Gibellina* may not be applicable to nondispositive motions, and motions directed at discovery abuse are generally not dispositive; it is not necessary because plaintiff's motion to voluntarily dismiss lacked the requisite notice. We therefore conclude that the circuit court did not err in denying plaintiff's motion to dismiss the complaint voluntarily.

## II

Plaintiff also argues that the circuit court abused its discretion in dismissing his complaint with prejudice as to all defendants for failure to comply with discovery. He contends that that sanction was too severe.

■■ Supreme Court Rule 219(c)(v) (107 Ill. 2d R. 219(c)(v)) states that where a party refuses to comply with discovery rules or court orders relating to them, the court may dismiss the action with or without prejudice. The imposition of sanctions under Rule 219(c)(v) is a matter within the court's discretion, and a reviewing court should not disturb the trial court's decision unless abuse is apparent. (*Tinsey v. CTA* (1986), 140 Ill. App. 3d 546, 488 N.E.2d 1301.) An abuse of discretion may be found only where no reasonable person would take the view adopted by the trial court. *King v. American Food Equipment Co.* (1987), 160 Ill. App. 3d 898, 911, 513 N.E.2d 958, 966, citing *In re Marriage of Asch* (1981), 100 Ill. App. 3d 293, 426 N.E.2d 1066.

■■■ Dismissal of a complaint is a drastic sanction, but one which is authorized where the conduct of the offending party is characterized by a deliberate and pronounced disregard for the rules, orders, and authority of the court. (*Lohja v. Checker Taxi Co.* (1980), 92 Ill. App. 3d 491, 416 N.E.2d 32; *Big Three Food & Liquor, Inc. v. State Farm Fire & Casualty Co.* (1979), 79 Ill. App. 3d 63, 398 N.E.2d 264; *Sanchez v. Phillips* (1977), 46 Ill. App. 3d 430, 361 N.E.2d 36; *612 North Michigan Avenue Building Corp. v. Factsystem, Inc.* (1975), 34 Ill. App. 3d 922, 340 N.E.2d 678.) Factors to be considered by the court in determining whether dismissal is appropriate (or in determin-

ing what sanction to apply) include the surprise of the testimony to the opposing party; the prejudicial effect of the testimony; the diligence of the opposing party in seeking discovery; timely objection to the testimony; and the good faith of the party calling the witness. *Carlson v. General Motors Corp.* (1972), 9 Ill. App. 3d 606, 289 N.E.2d 439.

Applying these factors to the instant case, it is apparent that the circuit court did not abuse its discretion in dismissing the complaint. Plaintiff's deposition certainly could have resulted in surprise to defendants. Defendants do not claim to have ever even seen plaintiff. Thus, his physical condition and appearance alone could have provided critical information necessary for proper preparation. Denial of the opportunity to view plaintiff's condition and to question him could have resulted in prejudice to defendants. Though plaintiff asserts that his deposition was "of little informative value" since defendants were supplied with such items as treating physicians' reports and answers to non-Rule 220 interrogatories, no alternative form of discovery could provide defendants with an adequate substitute for the opportunity to see and speak with plaintiff himself.

Furthermore, although the failure to obtain plaintiff's deposition was certainly the primary reason for dismissal, it was not the only one. Plaintiff's counsel also failed to answer Rule 220 interrogatories which had been filed eight months earlier. Thus, plaintiff's assertion at oral arguments that his only discovery violation concerned the failure to give his deposition is erroneous.

Defendants' diligence in seeking plaintiff's deposition is shown by the numerous dates on which they attempted to depose him. Although it is not clear from the record whether defendants objected to the continuances, there is no question that they acted in good faith in trying to secure plaintiff's deposition. In view of this record evidence, there is ample justification for the circuit court's action in dismissing the case with prejudice.

The cases cited by plaintiff are readily distinguishable. In *John Biestek & Associates, Ltd. v. Kelly* (1989), 192 Ill. App. 3d 301, 550 N.E.2d 230, the appellate court found that the trial court abused its discretion in refusing to vacate a default judgment against a defendant for failure to answer interrogatories within a seven-day period. *Biestek*, however, involved a *pro se* defendant and a time period much shorter than that in the case at bar. In *Biestek*, plaintiff sought a default judgment against the defendant only 1½ months after interrogatories were filed. Here, the discovery abuse was much greater: the Rule 220 interrogatories were left unanswered for eight months and plaintiff's deposition had been continued for nearly three years.

*Wyrick v. Time Chemical, Inc.* (1989), 191 Ill. App. 3d 1041, 548 N.E.2d 524, is also distinguishable. In that case, the appellate court reversed a dismissal order as to four of the five defendants. Defendant Time Chemical's proper motion to dismiss the plaintiff's complaint was granted and later affirmed. The other four defendants had not joined in Time Chemical's motion, nor had they made similar motions. In fact, they were not even present when Time Chemical's motion was presented and the dismissal order entered. For these reasons, nᴖne of which are present in the instant case, the order of dismissal was reversed as to the four defendants.

▪ The right of any party to a discovery deposition is basic and fundamental in our adversary system, and thus the right of one party imposes a duty on the other. (*Slatten v. City of Chicago* (1973), 12 Ill. App. 3d 808, 299 N.E.2d 442.) "Our discovery procedures are meaningless unless a violation entails a penalty proportionate to the gravity of the violation. Discovery for all parties will not be effective unless trial courts do not countenance violations, and unhesitatingly impose sanctions proportionate to the circumstances." *Buehler v. Whalen* (1977), 70 Ill. 2d 51, 67, 374 N.E.2d 460, 467.

▪ In this case, we cannot say that dismissal was not the appropriate sanction. Plaintiff repeatedly defied the discovery deadlines set by the circuit court. "[W]hen a scheme of deliberate defiance of the rules of discovery and the court's authority or an attempt to stall significant discovery has been shown, such a sanction is appropriate and should be unhesitatingly applied." (*Environmental Protection Agency v. Celotex Corp.* (1988), 168 Ill. App. 3d 592, 597, 522 N.E.2d 888, 891.) In *Celotex*, plaintiff engaged in a pattern of dilatory responses to hearing officers' orders, unjustifiably cancelled depositions, refused to meet deadlines, and failed to tender reasonable explanations for these actions. The Pollution Control Board struck certain claims as a discovery sanction and subsequently dismissed the remaining counts with prejudice. The appellate court affirmed, stating that "lesser sanctions would be of little avail in advancing timely closure of the pretrial proceedings." *Celotex*, 168 Ill. App. 3d at 598, 522 N.E.2d at 892.

That reasoning is applicable to the instant case. By continuously disregarding the discovery schedule, plaintiff exhibited a blatant lack of respect for the court's authority. When pressed for an explanation, plaintiff's counsel represented that his client was in poor health and was unable to endure a lengthy deposition. The court asked plaintiff's counsel to submit medical proof explaining why his client could not appear. No reports were ever tendered. The court attempted to devise a deposition schedule which would accommodate plaintiff's needs, but

plaintiff was uncooperative in this effort. Eventually, plaintiff's counsel admitted to never even having seen his client. Under these circumstances, we cannot say that the circuit court's dismissal of the complaint was an improper sanction.

In *Shapira v. Lutheran General Hospital* (1990), 199 Ill. App. 3d 479, 557 N.E.2d 351, this court recently held that dismissal was an appropriate sanction for discovery violations similar to those in the case at bar. In *Shapira*, the plaintiff repeatedly disregarded discovery deadlines ordered by the court, even when those deadlines were extended to gain his compliance. The circuit court granted the plaintiff's section 2—1401 petition to vacate the dismissal of his medical malpractice action with prejudice. This court reversed, and in reinstating the dismissal, found that "plaintiff's contention mocks the bases for four orders entered by the circuit court extending over and over again the time for plaintiff to identify and depose his expert." *Shapira*, 199 Ill. App. 3d at 484.

Similarly, plaintiff's actions in this case amount to a mockery of the court's authority. Rather than adhering to orders designed to advance his case, plaintiff paid them no regard. Violations of procedural rules designed to expedite litigation cannot be tolerated, especially in light of the ever-growing backlog of cases confronting our courts. (*Lohja v. Checker Taxi Co.* (1980), 92 Ill. App. 3d 491, 416 N.E.2d 32.) We are mindful of the fact that dismissal is the ultimate sanction. We must, however, be mindful of the messages we send to others. Trial judges must know that we support them in their effort to manage voluminous dockets; enforcement of discovery rules and court-imposed deadlines is essential for case management. Moreover, attorneys and parties must know that any disregard of the court's authority and of procedural rules will not be tolerated.

We conclude that the circuit court's dismissal of plaintiff's complaint with prejudice as a discovery sanction was not an abuse of discretion.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

SCARIANO, P.J., and RAKOWSKI, J., concur.