2021 IL App (1st) 190264-U

No. 1-19-0264

Order filed March 31, 2021

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE VILLAGE OF WILMETTE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. L 1 430 129 |
| | ) | |
| 1618 SHERIDAN ROAD CONDO | ) | Honorable |
| ASSOCIATION, | ) | James Allegretti, |
| | ) | Judge, Presiding. |
| Defendant-Appellee. | ) | |
| _____ | ) | |
| MARSHALL SPIEGEL, MATTHEW SPIEGEL, AND | ) | |
| MARSHALL SPIEGEL AS OWNER OF THE | ) | |
| BENEFICIAL INTEREST OF CHICAGO TITLE LAND | ) | |
| TRUST NO. 8002351713 | ) | |
| | ) | |
| Proposed Intervenors-Appellants. | ) | |

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Presiding Justice Mary Mikva and Justice Sheldon Harris concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The circuit court should have considered the prior filed petition to intervene before granting the motion for voluntary dismissal pursuant to section 2-1009 (735 ILCS 5/2-100 (West 2018)), nevertheless this court finds that even if the court had heard

the petition to intervene first, it would have been denied and the motion for voluntary dismissal with prejudice would have been granted. Additionally, the circuit court did not err in denying the amended motion to reconsider and vacate because it did not misapply the law. We affirm.

¶ 2    Proposed intervenors Marshall Spiegel (Marshall), Matthew Spiegel, and Marshall Spiegel as owner of the beneficial interest of Chicago Title Trust No. 8002351713 (Collectively Proposed Intervenors) appeal the circuit court's order that granted plaintiff the Village of Wilmette's (Village) oral motion to voluntarily dismiss with prejudice an ordinance violation against defendant 1618 Sheridan Road Condominium Association (Association). Proposed intervenors contend that the circuit court erred by: (1) denying the proposed intervenor's amended petition to intervene, (2) granting the Village's oral motion to voluntarily dismiss with prejudice; and; (3) denying the proposed intervenor's motion to reconsider and vacate. For the following reasons, we affirm.

¶ 3                                                  BACKGROUND

¶ 4    The following facts were detailed by this court in a prior appeal involving the proposed intervenors and the Association. *Spiegel v. Hall[1]*, 2020 IL App (1st) 190840-U.[2] The plaintiffs were Marshall and the trustee of Chicago Title Trust No. 8002351713, while the defendant consisted of several parties, namely: the 1618 Sheridan Condominium board members, condominium owners, and their associates. Defendant, 1618 Sheridan, is a building that consists of eight condominium units located in Wilmette, Illinois. *Id*. at ¶ 7. The condominium is managed

---

[1] Hall was a Board member of the Association.

[2] This case is relevant to the instant proceedings because the Village and Association both contend that the proposed intervenors were barred from bringing forth the amended petition to intervene based on *res judicata*. In *Spiegel*, this court held that the circuit court did not err in denying Marshall and the trustee's complaint for failure to state a claim and denying leave to implead because they recycled the same allegations without stating a coherent cause of action. One of those allegations was a breach of fiduciary duty, which the proposed intervenors also raised in a proposed complaint attached to the amended petition to intervene in this case.

by the Association. Marshall, who is the owner of Unit 2 in said building, was once the self-proclaimed president of the Association and has had a very litigious relationship with the Association.[3]

¶ 5    The instant litigation resulted from the Association's failure to correct a water leak that lasted for more than a year and damaged Marshall's unit.  Consequently, on November 15, 2017, the Village issued a complaint naming the Association, through its attorney Michael Kim, as defendants under case number L 1 430 129[4] alleging violation of section 304.2 of the International Property Maintenance Code 2006 (the Maintenance Code) (adopted by the Village pursuant to the Wilmette Village Code (Ch. 8 art. 1 section 8.3 (eff. Dec. 13, 2016)). The Association was cited for allowing an active water intrusion into Marshall's unit.[5]  However at some point before the case was set for trial, the Village and Association reached an agreement to dismiss the case.

¶ 6    Upon learning that the Village planned to voluntarily dismiss its complaint, Marshall filed a petition to intervene on July 30, 2018, and requested permission to file a proposed complaint that was attached to his petition. While the Village stated it was dismissing the matter because the Association made the necessary repairs, Marshall contended that the repairs were insufficient and had not yet been tested by cold weather and heavy rainfall. The petition alleged that Marshall should be allowed to intervene as of right because he would be affected by the dismissal; he did not believe the repairs had remedied the issue; he sought remedial and money damages; and his

---

[3] The prior cases involved are 15 L 10817, 16 L 3564, and 15 CH 1882; they were all consolidated into 15 L 10817.

[4] This case arose from a citation issued by the Village against the Association for a violation of a Village ordinance code. Village ordinances are heard at the Skokie Courthouse in the 2nd Municipal District before a Cook County judge. The circuit court also assigned this matter the docket number of 16 L 005572.

[5] The citation specifically stated, "[a]ctive water intrusion into unit #2. Situation has been on-going for over a year."

interests differed from those of the Village. Therefore, Marshall prayed for permissive intervention alleging that there were questions of fact or law that existed.

¶ 7    Marshall's proposed complaint alleged a breach of fiduciary duty. Marshall argued that, based on The Declaration of Condominium Ownership and the Illinois Condominium Act, the Association was responsible for the "operation, care, upkeep, maintenance, replacement, and improvement of Common Elements." The common elements included the outside flashing and covering of the structural concrete of the building, which includes the southwest corner of Marshall's unit. Section 304.2 of the Maintenance Code mandates that all joints "between the building envelope and the perimeter of windows, doors, and skylights shall be maintained weather resistant and watertight." Marshall contended that, according to "an assessment of experts," water from the common elements was leaking into his unit[6] and therefore the Association was responsible.

¶ 8    Marshall further alleged the Association's refusal to make any repairs to stop the leaking caused dangerous levels of mold resulting in removal of parts of the floor in his unit.  He also had mold remediation work done to his unit and was unable to use the room where the water damage had occurred. As a result of the Association's alleged breach of its fiduciary duty to maintain and repair the common elements, Marshall sought a court order compelling the Association to do the repair work, and awarding compensatory damages exceeding $50,000, attorney fees, costs, and punitive damages.

¶ 9    On September 4, 2018, an amended petition to intervene was filed by the proposed intervenors instead of Marshall. The petition stated that the proposed intervenors were bringing this action because the Village sought to dismiss the case against the Association who took years

_____

[6] The complaint does not detail who the experts were, or the specific assessments made.

to address the water leaking into Marshall's unit and still had not refunded him for damages. The proposed intervenors sought leave to intervene as a matter of right and for permissive intervention for the same reasons alleged in the initial petition to intervene.

¶ 10    The proposed intervenors attached the affidavit of Matthew Foster, a registered Illinois architect, to the amended petition to intervene. On September 1, 2018, Foster inspected Marshall's unit and two front columns at the location, including the one that leaked into Marshall's unit. Foster also observed the repairs that had been made by the Association or their agents and opined that they were not in compliance with industry standard.  Specifically, the column in question did not have a drainage or weep hole and the slope of the columns around the building were not made in the correct direction.  Foster concluded that, based on his experience and with a reasonable degree of certainty, the repairs were inadequate, and water would again commence to seep into Marshall's unit, causing further water damage, mold, rust, and other problems.

¶ 11    On September 6, 2018, the Association filed a motion in opposition to the proposed intervenor's amended petition to intervene. The Association argued the request was untimely, the claims raised were barred by *res judicata*, and the proposed intervenors lacked the standing to enforce the laws of the Village. The Association asserted that the proposed intervenors were well-aware of their potential claims long before, but only sought intervention when they learned that the Village planned to dismiss the matter.  This is evidenced by Marshall's filings dating back to September 2017 in circuit court of Cook County case number 15 L 10817. The Association alleged that the consolidated complaint in case number 15 L 10817[7] contained 10 claims that involved the same alleged Maintenance Code violation: failure to maintain or repair the building to prevent a leak. According to the Association, these claims were already previously denied by the circuit

---

[7] Docket number 15 L 10817 was consolidated with 16 L 3564 and 15 CH 1882.

court when it dismissed Marshall and the land trust's fourth amended complaint and denied leave to file a fifth amended complaint: which essentially barred the proposed intervenors from raising those claims again. Lastly, the Association alleged that the statutory authority for the Maintenance Code enforcement lied solely with the municipality and that the proposed intervenors had not provided any authority to support otherwise.

¶ 12    On September 7, 2018, the Village made the oral motion to voluntarily dismiss and stated that the problem was resolved.[8] On the same day, the proposed intervenors filed an amended petition to intervene, alleging that the problem had not in fact been resolved.  After argument, the circuit court granted the Village's oral motion to dismiss, while denying the proposed intervenor's petition. The Village drafted the order, which stated that the matter was dismissed with prejudice, citing no authority for the basis for the dismissal. The proposed intervenors objected to the order stating that pursuant to section 2-1009 (735 ILCS 5/2-1009 (West 2018)), a voluntary dismissal could not be with prejudice.

¶ 13    On the morning of October 9, 2018, the proposed intervenors filed a motion to vacate. Later that day, they filed an amended motion to reconsider and vacate the September 7, 2018, order granting the motion to dismiss and denying the motion to intervene. The proposed intervenors alleged that the Village sought to orally dismiss with prejudice, without notice, and in retaliation for the petition to intervene.  Specifically, they alleged that the motion to dismiss should not have been granted because 1) the Village did not provide advanced notice, in violation of circuit court of Cook County Rule 2.1 (Cook Co. Cir. Ct. R. 2.1(a)) (eff. Aug. 21, 2000)); 2) section 2-1009 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1009 (West 2018)) does not permit dismissals with prejudice and only provides for dismissal without prejudice; 3) *res judicata* did not apply here

---

[8] The Village did not orally state any statutory authority for their motion.

because at the time of filing the amended petition to intervene, their consolidated appeal of the other court's denial of a motion to file an amended complaint was still pending, and thus, there was not a final judgment on the merits of the other case; and, 4) where a tort was continuous, as here with the continued leakage into Marshall's unit, *res judicata* may not apply, citing *Rein v. David A. Noyes & Co.,* 172 Ill. 2d 325, 334 (1996) as support. The proposed intervenors finally alleged that the circuit court erred in denying intervention because they met all of the statutory requirements: (1) the petition was filed as soon as the proposed intervenors knew that the Village would move to dismiss the matter and was therefore timely; (2) the Village and the Association were not adequately representing the proposed intervenor's interest, and; (3) the proposed intervenor's ownership interest and health were sufficient to establish an interest that would allow them to intervene.

¶ 14    On November 16, 2018, the Association filed a response seeking a denial of the proposed intervenor's amended motion to reconsider and vacate order. The Association pointed out that the proposed intervenors provided no reason for the reconsideration and merely realleged what was in the initial petition for intervention. The Association argued that: (1) a right to private action did not equate to a right to intervene; (2) the proposed intervenors were not parties to the case and therefore were not required to be notified; and (3) the proposed intervenors provided no legal authority that prohibited the Village from voluntarily dismissing a matter with prejudice. Regarding *res judicata,* proposed intervenors were barred from raising those claims stemming from the water intrusion because they had brought forth those claims in another action. In summation, the Association argued that the proposed intervenors failed to provide sufficient grounds to vacate the dismissal.

¶ 15    On December 7, 2018, the proposed intervenors filed a reply in support of its amended motion to reconsider and vacate the September 7, 2018, order. In addition to restating the allegations and arguments contained in the amended petition to intervene, the proposed intervenors requested that the trial court also conduct a hearing regarding whether the Association had properly remedied the water leak issues and require the Association to undertake a permanent remedy to fully comply with the Maintenance Code.

¶ 16    At the hearing held on January 11, 2019, the circuit court noted that it had looked at everything in the case including the proceedings from the "99-count complaint downtown." Based thereon, the circuit court determined that the Village had an absolute right to dismiss its own case. Nothing the circuit court read suggested that the proposed intervenors had a right to "step into the prosecutor's shoes" and prosecute the matter or compel the Village to proceed with the case. If the proposed intervenors wanted to continue with a private action, that was their choice. However, the proposed intervenors could not come and take over a Maintenance Code violation case and transform it into something else. The circuit court found that the proper time to intervene was before the Village decided to dismiss the matter: but even then, it had the right to dismiss it.

¶ 17    The proposed intervenors questioned the circuit court regarded the dismissal with prejudice. The circuit court found that the Village had determined it was done with the case and that meant a dismissal with prejudice; it did not preclude them from refiling in the future.  The proposed intervenors argued that the broader issue would be a matter of *res judicata* if indeed the Village attempted to refile the same action. The proposed intervenors argued that the issue was broader than *res judicata*. In response, the circuit court stated "in that case, all of this" was already raised in the prior proceedings by the Chancery Division under the consolidated case number 15

L 10817. For the aforementioned reasons, the circuit court denied the proposed intervenors' motion to reconsider and vacate.

¶ 18    The proposed intervenors filed a notice of appeal on February 6, 2019. On November 5, 2019, the circuit court granted the proposed intervenors' motion to file a bystander's report.

¶ 19                                ANALYSIS

¶ 20    On appeal, the proposed intervenors contend that the circuit court erred by: (1) denying their amended petition to intervene; (2) granting the Village's oral motion to voluntarily dismiss with prejudice; and (3) denying the proposed intervenors' motion to reconsider and vacate. We will first review the proposed intervenors' claim regarding denial of their amended petition to intervene because the issue raised concerns the timing of the circuit court's decision and the impact thereof.

¶ 21                    A. Amended Petition to Intervene

¶ 22    The proposed intervenors contend that section 5/2-408 of the Code (735 ILCS 5/2–408 (West 2018)) gives them the right to intervene because 1) the Village did not adequately represent their interests by agreeing to voluntarily dismiss the matter even though the repairs were insufficient to cure the defect, 2) the amended petition to intervene was timely filed, once they learned of the Village's intent to dismiss the suit against the Association, and 3) their interest in enforcing the citation is greater than that of the Village because Marshall's health and safety are at issue due to the mold and wet floors that have resulted from the water leakage. The proposed intervenors assert that they have established all the requirements to intervene as a matter of right and the circuit court erred when it denied the petition. Conversely, the Village contends that the proposed intervenors' amended petition to intervene was not timely, because the case was open

for nearly a year before the filing, and that the proposed intervenors failed to satisfy any of the requirements to intervene as of right.

¶ 23                                1.  Standard of Review

¶ 24    The parties disagree regarding which standard of review this court should apply when reviewing a circuit court's denial of intervention as of right. Relying on *Flood v. Richey*, 2016 IL App (4th) 150594 ¶ 15, the Village and the Association contend that the standard of review of abuse of discretion is proper. See *People ex rel. Birkett v. City of Chicago*, 202 Ill. 2d 36, 58 (2002). They further state that the denial of leave to intervene as of right and permissive intervention should not be disturbed absent an abuse of discretion, citing *In re Application of the County Collector of DuPage County for Judgment for Delinquent Taxes for the Year 1992*, 181 Ill. 2d 237 (1998) and *Flood*, 2016 IL App (4th) 150594 ¶ 15, respectively.

¶ 25    To the contrary, the proposed intervenors contend that the standard of review for denying leave to intervene as of right is *de novo,* citing *Madison Two Associates v. Pappas*, 371 Ill. App. 3d 352, 354 (2007). In *Madison Two Associates*, this court reviewed *de novo* whether the circuit court properly interpreted the statute when it denied leave to intervene as of right, without applying the relevant factors. We ultimately affirmed the trial court by holding that The Property Tax Code (35 ILCS 200/23–30 (West 2002)), was not intended for the proposed intervenors of that case to ever be a party. *Id*.

¶ 26    Here, the circuit court denied the proposed intervenor's petition without addressing the requirements for establishing intervention. According to the bystander's report, the circuit court's decision was based on the Village's motion to voluntarily dismiss (2-1009) the matter and not based on an interpretation of section 2-408. Thus, because the circuit court based its decision on interpretation of the statute, section 2-1009, a question of law exists.  Hence, we agree with the

proposed intervenors, albeit for different reasons, that the correct standard of review is *de novo*. *Madison Two Associates*, 371 Ill. App. 3d at 354.

¶ 27 2. Timing of the Circuit Court's Decision

¶ 28 The circuit court granted the Village's voluntary motion to dismiss pursuant to section 2-1009, with the agreement of the Association, prior to addressing the proposed intervenor's amended petition to intervene. The proposed intervenors contend that since the amended petition to intervene was filed first, the oral motion to voluntarily dismiss was precluded. The proposed intervenors cite to *In re Marriage of Black*, 133 Ill. App. 3d 59, 65 (1985), which held that an intervenor has the right to claim the benefit of the original suit and a motion to dismiss cannot defeat such a right after the filing and notice of the intervenor. Similarly, here, the Village made its oral motion to voluntarily dismiss after notice and filing of the proposed intervenor's petition to intervene. Thus, we must agree that the circuit court should have decided the motion to intervene prior to granting the dismissal.

¶ 29 The Village, however, argues that the circuit court was not prohibited from granting the motion to dismiss pursuant to section 2-1009 (735 ILCS 5/2-1009 (West 2018)) citing *Gibellina v. Handley*, 127 Ill. 2d 122, 138 (1989). In *Gibellina*, this court held that a circuit court has the discretion to hear a motion pursuant to section 2-1009, even if there are existing motions filed before it. *Id.* We have found no case, however, where this court has applied this rule to a motion to intervene. Since 1904, our courts have held that "an intervener has the right to claim the benefit of the original suit, and to prosecute it to judgment. Such right cannot be defeated by the dismissal of the suit by the plaintiffs after the filing of the petition and notice thereof to such plaintiffs." *Gage v. Cameron* (1904), 212 Ill. 146, 171–72, 72 N.E. 204. Accordingly, the proposed intervenor's complaint requires review per section 2-408 prior to granting a subsequently filed

motion for voluntary dismissal. Thus, we find that the circuit court erred in granting the motion to dismiss pursuant to section 2-1009 prior to deciding the amended petition to intervene, which we will decide herein.

¶ 30                                    3. Standing and *Res Judicata*

¶ 31    The Association and the Village both contend that the proposed intervenors have no standing to intervene. The parties point out that there is no authority that would allow for the proposed intervenors to step into the shoes of prosecutor and a violation must be brought in the name of the corporate municipality. The Village contends that the proposed intervenors fail to cite to any authority that allows a proposed intervenor the right to step in as a prosecutor for a municipality.

¶ 32    Standing is an issue of law that this court reviews *de novo*. *Powell v. Dean Foods Co.*, 2012 IL 111714, ¶ 35. "The doctrine of standing ensures that issues are raised only by parties having a real interest in the outcome of the controversy." *Id*. "Standing is shown by demonstrating some injury to a legally cognizable interest." *Id*.

¶ 33    The facts in this case are analogous to the facts in *City of Chicago* where a proposed intervenor, who was a condominium owner, appealed the decision of the circuit court denying leave to intervene. *City of Chicago v. John Hancock Mut. Life Ins. Co.*, 127 Ill. App. 3d 140, 142 (1984). In that case, the city of Chicago filed a building code violation action against the owner and operators of a condominium. *Id*. This court determined that the circuit court erred in denying the petition to intervene because the claim of inadequate representation was reasonable, the statutory requirements of timeliness and sufficiency of interest were met. *Id*. at 148. This court found that the circuit court should have allowed them to intervene because of the interest that the proposed intervenors had exceeded that of the city. *Id*. at 170. Similarly, in this case, the proposed

intervenor's have a real interest that has been shown through the damage that has occurred on Marshall's property. *Powell*, 2012 IL 111714, ¶ 35. The proposed intervenors have established that they have standing in the instant case. *Id*.

¶ 34    Next, the parties contend that proposed intervenors' amended petition to intervene was barred due *to res judicata*. The Association argues, and the Village has adopted its argument, that the circuit court's involuntarily dismissal, pursuant to 735 ILCS 5/2-615 (West 2016), of the proposed intervenor's complaint in the associated consolidated case (15 L10817), acted as an adjudication of the merits. The proposed intervenors' amended petition to intervene attached a complaint which contained a claim of breach of fiduciary duty, which was also previously raised in the associated consolidated case (15 L10817).

¶ 35    Under the doctrine of *res judicata*, "a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies in the same cause of action." *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008). The doctrine provides for "not only what was actually decided in the first action but also whatever could have been decided." *Id*. In order for *res judicata* to apply, the following must occur: "(1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of cause of action exists; and (3) identity of parties or their privies." *Id*.

¶ 36    The proposed intervenors attached a complaint that raised a claim of breach of fiduciary duty that was raised previously amongst the same parties and their privies. *Hudson,* 228 Ill. 2d at 467. A final adjudication of the merits occurred in the matter; namely the circuit court's determination, in consolidated case number 15 L 10817, that Marshall and the trustee failed to state a cause of action in their fourth amended complaint, which was affirmed on appeal. *Seigel*, 2020 IL App (1st) 190840-U, ¶ 17. The proposed intervenors are therefore barred from raising this

claim. Even if the proposed intervenors contend that the complaint makes a claim for breach of fiduciary duty that in some way differs from the previously raised claim, they are still barred because, as with *Hudson*, the claim could have been brought and decided in the previous case. Lastly, it is worth noting that we have not addressed and make no findings regarding *res judicata* as to the remaining allegations of the proposed complaint as they were not raised here.

¶ 37     4. Permissive Intervention- Common Fact

¶ 38     The proposed intervenors contend that they should have been allowed to permissively intervene based on section 2-408(b) (735 ILCS 5/2-408(b) (West 2018)) because there was a common fact as to whether the Association sufficiently complied with the Village Maintenance Code to warrant dismissal of the case.  Since this issue involves a question of fact and the relevant statute grants the court discretion, the standard of review for permissive intervention remains abuse of discretion. *People ex rel. Birkett*, 202 Ill. 2d at 58.

¶ 39     Section 2-408(b) states:

> "(b) Upon timely application anyone may in the discretion of the court be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." 735 ILCS 5/2-408(b) (West 2018)

¶ 40     The Village contends that there was no common fact that existed based on the allegations contained in the proposed complaint that was attached to the amended petition to intervene. The proposed intervenors insist that the complaint is not relevant for this action. This court disagrees, as we have held that permissive intervention may be denied if issues would be injected that are new and complicated. *Chicago, Milwaukee, St. Paul & Pac. R. Co. v. Harris Trust and Sav. Bank*, 63 Ill. App. 3d 1012, 1022 (1978). The circuit court was presiding over a single Maintenance Code

violation, however, the proposed intervenors' proposed complaint, which alleged a breach of a fiduciary duty, was beyond the scope of the initial case. Since an entirely different action from the Maintenance Code violation was proposed, it cannot be said that a common fact existed. *Id*. Consequently, we find that the circuit court did not abuse its discretion when it denied the proposed intervenors request for permissive intervention.

¶ 41                                    B. Motion to Dismiss

¶ 42    After having determined pursuant to section 2-408 that even if the petition to intervene was heard first, it should have been denied, we now address whether the voluntary motion to dismiss should have been granted. The proposed intervenors first contend that the circuit court erred in granting the voluntary motion to dismiss because the Village did not provide notice to them or the Association and no written motion was filed. Secondly, the dismissal was defective because it failed to require the Village to pay costs as required by section 2-1009(a) (735 ILCS 5/2-1009 (West 2018)). Lastly, the proposed intervenors assert that pursuant to section 2-1009(a), a voluntary dismissal cannot be made with prejudice.

¶ 43    It is worth noting that the Village and Association both insist that the motion to dismiss was not brought pursuant to section 2-1009(a).  Nevertheless, neither they nor the record state any other statutory authority in support of the motion to dismiss. Thus, despite the Village and Association's contention to the contrary, we agree with the proposed intervenors that voluntary dismissal by a plaintiff is governed by section 2-1009. *Vaughn v. Northwestern Memorial Hosp.,* 210 Ill. App. 3d 253, 257 (1991). Section 2-1009 provides in pertinent part:

    "Voluntary dismissal.

    (a) The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or

her action or any part thereof as to any defendant, without prejudice, by order filed in the cause.

(b) The court may hear and decide a motion that has been filed prior to a motion filed under subsection (a) of this Section when that prior filed motion, if favorably ruled on by the court, could result in a final disposition of the cause.

(c) After trial or hearing begins, the plaintiff may dismiss, only on terms fixed by the court (1) upon filing a stipulation to that effect signed by the defendant, or (2) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof.

(d) A dismissal under subsection (a) of this Section does not dismiss a pending counterclaim or third party complaint * * * " 735 ILCS 5/2-1009 (West 2018).

The three requirements for a section 2-1009(a) motion are: (1) no trial or hearing shall have begun; (2) costs must be paid; and (3) notice must be given to each party who has appeared. *Vaughn*, 210 Ill. App. 3d at 257.

¶ 44    The question here is one of compliance with the relevant statute: hence, a question of law. Questions of law are reviewed *de novo*. *Wexler v. Wirtz*, 211 Ill. 2d 18, 23 (2004).

¶ 45    Upon review and application to the facts at hand, we find that the circuit court did not err in granting the voluntary motion to dismiss pursuant to section 2-1009(a) even though the movant did not give notice.  A plain reading of the statute dictates that notice shall be given to each party that has appeared. Here, the proposed intervenors were not parties to the case when the circuit court granted the Village's motion to dismiss. Therefore, the proposed intervenors were not entitled to notice. *Vaughn*, 210 Ill. App. 3d at 257.  With regard to the Village not providing notice to the Association, the proposed intervenors have no standing to make this argument on behalf of the Association. Our court have routinely held that objections to notice cannot be made by or on

behalf of another party. See *JPMorgan Chase Bank, et als. v. Jones and Zataunia 2019 Ill. App. (1ˢᵗ) 181909.*

¶ 46    Lastly, the circuit court's September 7, 2018, order provided that all parties were to pay their own costs; which, the proposed intervenors allege was an error.    Consistent with our conclusion regarding the notice provision, it is our contention that the costs are also limited to those parties that have appeared.    Further, our review of the record reveals that there was no evidence of costs being due: the proposed intervenors did not even allege a specific amount of costs that they believed were due.    As such, we cannot accept as true, mere conclusions unsupported by any legal authority. *Tyrka v. Glenview Ridge Condominium Ass'n,* 2014 IL App (1st) 132762, ¶ 39.

¶ 47    Next, proposed intervenors contend that the motion to dismiss was entered in error because it was entered with prejudice. This court has readily held that a voluntary motion to dismiss pursuant to section 2-1009 may be with prejudice. See *Douglas v. Walter*, 147 Ill. App. 3d 1010, 1073 (1986). Therefore, the circuit court did not err in granting the motion to dismiss with prejudice.

¶ 48                                C. Amended Motion to Reconsider and Vacate

¶ 49    The proposed intervenors contend that the circuit court erred in denying their amended motion to reconsider and vacate the September 7, 2018, order. The proposed intervenors' motion alleged that the circuit court misstated the law when it stated that the Village had an "absolute right" to dismiss this case. The proposed intervenors contend that because they filed a petition to intervene, the Village did not have an absolute right to voluntarily dismiss this case. The proposed intervenors' motion further alleged that the trial court further erred and misapplied the law when it granted the dismissal because it did not make sure that the Village satisfied all of the notice

requirements pursuant to section 2-1009 (735 ILCS 5/2-1009 (West 2018)). Lastly, the proposed intervenors' motion alleged that the circuit court misapplied the law when it granted the dismissal with prejudice.

¶ 50    The parties disagree regarding which standard of review this court should apply. The Association contends that the proposed intervenor's have introduced new matters which require that the court utilize an abuse of discretion standard of review. *Liceaga v. Baez*, 2019 IL App (1st) 181170, ¶ 26. However, here, the proposed intervenors allege that the circuit court misstated the law, which requires a *de novo* standard of review. *Id.* We agree with the proposed intervenors that the standard of review is *de novo* because the basis of their motion was that there was a misstatement of existing law. *Horlacher v. Cohen*, 2017 IL App (1st) 162712, ¶ 80.

¶ 51    "[A] motion to reconsider is to bring to the court's attention newly discovered evidence that was not available at the time of the hearing, changes in the law or errors in the court's previous application of existing law." *Neighborhood Lending Services, Inc. v. Callahan*, 2017 IL App (1st) 162585, ¶ 26. Absent the contention that proper notice was not given to the Association, we have previously discussed the remaining contentions herein. Therefore, we will only discuss the issue of whether the circuit court misapplied the law regarding notice to the Association.

¶ 52    When a plaintiff seeks to file a motion to dismiss pursuant to section 2-1009, notice is required by Cook County Rule 2.1 (Cook Co. Cir. Ct. R. 2.1(a) (eff. Aug. 21, 2000)), which states, in pertinent part:

> "(a) Notice required—Except in actions appearing on the daily trial call or during the course of trial, written notice of the hearing of all motions shall be given to all parties who have appeared * * *" Cook Co. Cir. Ct. R. 2.1(a) (eff. Aug. 21, 2000).

Although the proposed intervenors contend that proper notice was not served on the Association, the bystander report indicates that the Association and the Village agreed that the case should be dismissed. This court has held that when the defendant has knowledge of the motion and is not prejudiced by a lack of notice, a voluntary motion to dismiss will not be reversed based on the plaintiff's failure to strictly comply with the requirements of section 2-1009. *Valdovinos v. Luna-Manalac Medical Center, Ltd.*, 328 Ill. App. 3d 255, 267-68 (2002). Defendant, the Association, has not alleged that it was prejudiced by this dismissal. Accordingly, the circuit court did not err when it denied the motion to reconsider.

¶ 53     The moving party has the burden of establishing sufficient grounds for vacating the judgement. *Standard Bank and Trust Co. v. Madonia*, 2011 IL App (1st) 103516, ¶ 8. This court must determine whether the circuit court's ruling denying the motion was a fair and just result, which did not deny the moving party of substantial justice. *Id*. The standard of review for this issue is abuse of discretion. *Id*. An abuse of discretion occurs when the trial court acts arbitrarily without judgement or its decision exceeds the bounds of reason and ignores principles of law. *Id*.  Based on our review of the record, we find that the circuit court's decisions were not arbitrary and did not ignore principles of law; case law upholds its findings. Thus, an abuse of discretion has not occurred, and the proposed intervenors have not shown sufficient grounds for vacating the judgment of the circuit court.

¶ 54                                         CONCLUSION

¶ 55     In summary, we conclude that while the circuit court did not decide the petition to intervene prior to granting the Village's oral motion to voluntarily dismiss, such error was harmless where the petition to intervene should have still been denied had it been heard first. Further, the dismissal with prejudice was not improper where such motion was made by agreement of the parties.

¶ 56    The judgment of the circuit court is affirmed.

¶ 57    Affirmed.